## KATE THOMPSON v. THE STATE.

*No. 828.   Decided January 15th, 1896.*

1. **Assault and Battery—Self-defense—Real and Apparent Danger—Charge.**

On a trial for assault and battery, where the danger to the accused, if any, was patent and real danger, it was not error to refuse to charge the jury upon apparent danger and that the facts and circumstances must be looked at from defendant's standpoint.

2. **Same—Opinion of Witness as to Identity of Weapon.**

On a trial for assault and battery, where a question was, whether a certain stick presented to the jury, was the stick used by the accused. Held: That it was competent for witnesses to state that, in their opinion, it was the stick used.

3. **Same—Remark by The Court.**

A remark by the court concerning the testimony of the State witnesses to the effect that they "had been guessing in regard to the stick," could not be harmful to the defendant.

4. **Recognizance.**

Where the trial court is satisfied that a proper recognizance for appeal has been entered into, it is not error to refuse to permit defendant to enter into another recognizance.

**5. Same—Pending Motion for New Trial.**

No rule of precedure is known under our law which authorizes the giving of a recognizance to avoid going to jail until a motion for new trial is acted upon by the court.

APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH, County Judge.

This appeal is from a conviction for simple assault and battery, the punishment being assessed at a fine of $5.

*Miller & Williams*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was convicted for a simple assault and battery. The court below properly instructed the jury on the law of self-defense. Counsel for appellant requested an instruction to the effect that "the defendant had the right to act upon apparent danger, as well as real, and, in passing upon the right of self-defense, the jury should look to the facts and circumstances from the defendant's standpoint at the time of the difficulty." If there was any danger, it was not apparent—it was actual—and this rule does not apply. The facts and circumstances were patent to the accused, and but one construction could be placed upon them. There was no error in refusing this charge. The question arose as to whether a certain stick, which was presented to the jury, was the means used in committing the assault and battery. The witnesses were permitted to give their opinion to the effect that that was the stick used. There was no error in this. The remark of the court upon this subject, "that the witnesses had been guessing in regard to the stick," applied to the State's witnesses, and not those for the defendant. In this there was no harm done. This conviction was had upon the 26th day of September, 1895. On the 27th day of the same month, appellant entered into a recognizance, in order to perfect her appeal to this court. On the 14th day of October, 1895, appellant proposed to enter into another recognizance. The court, being satisfied with the first, refused to permit this to be done. There was no error in this. Appellant was charged with aggravated assault and battery, and could not appear by counsel alone, was convicted of simple assault and battery, and was present at the conviction, of necessity. Under such a state of case, the statute requires "that the defendant be committed to jail until such fine and costs are paid," and the party convicted will have to remain in jail, go to the poor farm, or pay the fine and costs, or make proper oath as the statutes on this subject require. If, however, the defendant appeals, and enters into a recognizance, as the statute requires, he is entitled to be discharged from custody, but not otherwise. Counsel for appellant contend that the first recognizance was for the purpose of discharging the appellant until the motion for a new trial could be acted upon, as we understand it. The record does not sustain this contention. If such practice was permissible, we know of no rule sanctioning such procedure. The recognizance in this case, how-

ever, is for the purpose of permitting the appeal.    It so states, formally. We have assumed that the bills of exceptions were filed in time, and pass upon them, and find no error in the record.    The judgment of the lower court is affirmed.

*Affirmed.*