## EX PARTE JOHN CALDWELL.

### No. 489.   Decided February 2, 1910.

**1.—Theft—Misdemeanor—Bail—Statutes Construed.**

The Act of the Legislature with reference to permitting parties to remain upon bail during trial does not apply to misdemeanors; and when convicted the statute requires that defendant be committed to jail until such fine and costs are paid.

**2.—Same—Bail Bond—Motion for New Trial.**

Where defendant was convicted of a misdemeanor, and he filed motion for new trial, the hearing of which was postponed, pending which relator was committed to the custody of the officer, he could not be released on his former bail bond during the pendency of the motion for new trial.

Appeal from the District Court of Brazos.   Tried below before the Hon. J. C. Scott.

Appeal from habeas corpus proceeding asking for release from commitment under a conviction for misdemeanor pending a motion for new trial.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The statement of facts discloses that relator was convicted in the County Court of a misdemeanor theft. When he was arrested he entered into a bail bond for his appearance to stand his trial, and was under this bond at the time he went to trial.   Upon the trial he was convicted, and judgment entered upon the minutes of the court.   That when this occurred he filed a motion for new trial, the hearing of which was postponed to a future day of the court and is still pending.   That no commitment was issued; that relator is now in jail in custody of the sheriff, who refuses to release him on his former bail bond during the pendency of the motion for new trial.   On a writ of habeas corpus under this state of facts the district judge remanded relator to custody.   The contention of relator here is, his bail bond entitles him to his liberty after the conviction and until the motion for new trial has been adjudicated.   We are of opinion this is not a correct proposition of law.   The bail bond requires the presence of the defendant to stand his trial.   When the parties announce ready for trial the defendant goes into the custody of the officers in misdemeanor cases.   The Act of the Legislature with reference to permitting parties to remain upon bail during the trial does not apply to misdemeanors.   The Legislature did not see proper to extend the provisions of that Act so as to include cases of misdemeanor.   Where a party has been convicted, the statute requires that he be committed to jail until such fine and costs are paid, and he will have to remain in jail, go to the poor farm or pay the fine and costs

or comply with any other provision of the law touching this matter. If he appeals and enters into a recognizance such as the law authorizes, he is entitled then to be discharged from custody, but not otherwise. The rule in misdemeanor cases, where there may be jail imprisonment, requires the presence of the accused at his trial. If when the case is called for trial, and the defendant is absent, his bond is forfeited. When he has been placed upon trial, and the verdict is one of guilt, he is at once taken into custody by the officers, being taken from the custody of his bailors when so put upon trial. When the conviction occurs, he is in the custody of the law to be controlled under the direction of the court as authorized by statute. The statute says that when he has been convicted he shall be confined in jail until released under some provision of the law. He is not released by reason of the fact that he had been previously under bail bond. We hold, therefore, that relator was not entitled to go at large pending the decision of his motion for new trial. Thompson v. State, 35 Texas Crim. Rep., 352.

As the case is presented to us, we are of opinion that the trial court did not err, therefore, the judgment is affirmed.

*Affirmed.*