## EX PARTE J. G. HENDERSON.

### No. 4726.  Decided October 3, 1917.

**Habeas Corpus—Misdemeanor—Appearance Bond—Motion for New Trial.**

Under the recent Act of the Thirty-fifth Legislature, chapter 110, article 900, C. C. P., it is provided that where the defendant is convicted in a misdemeanor case and is on bail when the trial commences, the same shall not thereby be considered discharged, until the defendant's motion for new trial shall have been overruled by the court, and where defendant was convicted of a misdemeanor, and was held on an appearance bond, and a motion for new trial was pending, he was entitled to his discharge.  Following Bennett v. State, 194 S. W. Rep., 148, and other cases.

From El Paso County.

Original application for a writ of habeas corpus, asking discharge from custody pending a motion for new trial in a misdemeanor case.

The opinion states the case.

*Jackson, Isaacks & Lessing,* for relator.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This is an original application for a writ of habeas corpus.  The applicant was charged with a misdemeanor, made an appearance bond which was regular and duly approved and in compliance therewith appeared in the County Court of Law of El Paso County, was tried and convicted and motion for new trial was filed in due time.  Pending the hearing upon the motion for new trial he is held in custody by the sheriff.

This application is based upon the proposition that he is entitled to his liberty by virtue of his appearance bond pending action by the trial court upon his motion for a new trial, and an agreement is in the record to the effect that the only question involved is whether or not under the facts he is entitled to such release pending action upon the motion for new trial, or whether during such time he shall remain in jail.

Prior to the Act of the Thirty-fifth Legislature embodied in chapter 110, article 900, C. C. P., it was provided that under such circumstances he should remain in custody, the language used being as follows:  "But immediately upon the return into court of such verdict, or the rendition of a judgment of guilty, he shall be placed in the custody of the sheriff, and his bail considered discharged."  Chapter 110, supra, added the following:  "Provided, that where the defendant is convicted in a misdemeanor case and is on bail when the trial commences, the same shall not thereby be considered discharged until the defendant's motion for a new trial shall have been overruled by the court."  An emergency clause was added upon the ground as follows:  "There is now no law authorizing defendants in misdemeanor cases to remain on bail while the trial is going on."

Vol. 81 Crim.-39

In our judgment the purpose and effect of this amendment to the statute is to permit the defendant in a misdemeanor case, under the facts above stated, to remain free from custody on account of such case until judgment of conviction becomes final, on the overruling of the motion for a new trial. The legal meaning of the term, "the end of the trial," which is substantially the terms used in the statutes mentioned, is discussed in the case of Bennett v. State, 80 Texas Crim. Rep., 652, 194 S. W. Rep., 148; also in Palmo v. Slayden, 100 Texas, 13; State v. Barrington (Mo.), 95 S. W. Rep., 235.

The relator is ordered discharged.

*Relator discharged.*