## EX PARTE PAT STEVENS.

### No. 5700.  Decided January 28, 1920.

**Habeas Corpus—Bail—Motion for New Trial—Misdemeanor.**

Where, upon a writ of *habeas corpus*, relator showed that he was charged with assault to murder and had been found guilty of aggravated assault, and thereupon filed a motion for new trial, and pending said motion was committed to jail, although not surrendered by his sureties. Held, relator's bail is not discharged by his conviction of a misdemeanor, and that he is entitled to his liberty until his motion for new trial is overruled, under article 900, C. C. P., as amended.

From Bexar County.

Original *habeas corpus* proceedings asking release from custody pending his motion for new trial; relator being convicted of aggravated assault under an indictment of assault with intent to murder.

The opinion states the case.

*Mauermann & Hair,* for relator.—Citing: Article 900, C. C. P., as amended.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—It is made to appear in this application for writ of *habeas corpus* that the relator was charged by indictment with the offense of assault with intent to murder, and on his trial under said indictment was convicted of an aggravated assault by a verdict of the jury. Aggravated assault is a misdemeanor, and is one of the lower grades of assault included in the indictment for assault with intent to murder. He filed a motion for a new trial, and was remanded to jail pending its hearing. He seeks relief from the order remanding him, contending that, he being on bail at the time the trial commenced and not having been surrendered by his sureties, his bail is not discharged by his conviction of a misdemeanor, and that he is entitled to his liberty until the judgment is made final so far as it can be in the trial court in the overruling of his motion for a new trial. This contention he founds upon the Act of March 28, 1917, Chap. 110, which amends Article 900 of the Code of Crim. Procedure by adding a proviso thereto, as follows:

"Provided that where the defendant is convicted in a misdemeanor case, and is on bail when the trial commences, the same shall not thereby be considered discharged until the defendant's motion for a new trial shall have been overruled by the court."

That statute relates to the procedure "where the defendant in a criminal case pending in the courts of this State is on bail when the trial commences."

Prior to the passage of the amendment referred to, persons convicted of a misdemeanor, whether in a County Court or elsewhere, were required to go into custody at the beginning of the trial and remain so until the judgment become final in the trial court, notwithstanding they were on bail at the time the trial began. See Ex parte Henderson, 81 Texas Crim. Rep., 609, 197 S. W. Rep., 714; Caldwell v. State, 58 Texas Crim. Rep., 239. The purpose of the statute was to allow one who was charged with a misdemeanor, and was at liberty on bail, to remain at liberty until the motion for a new trial was overruled. When the jury acquitted the relator of an assault with intent to murder, and convicted him of a misdemeanor, we think his case was within the purview of said statute; and that he being on bail was entitled to remain at liberty, unless surrendered by his bondsmen, until his motion for a new trial was passed on.

The application for writ of *habeas corpus* is granted, and the relator is ordered discharged subject to the terms of his bail bond as herein construed.

*Relator discharged conditionally.*