## H. REESE V. THE STATE.

No. 21008.  Delivered June 19, 1940.
Rehearing Denied October 16, 1940.

102

The opinion states the case.

*William H. Scott* and *King C. Haynie,* both of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by a jury for keeping a room and place for the purpose of being used as a place to bet and wager, and to gamble with dice, and he was awarded a penalty of two years in the penitentiary.

The facts show that the officers looked through the windows of a house controlled and occupied by appellant and saw a dice game in progress. They broke into the house and some one extinguished all the lights. The officers turned the lights on and found a fully equipped dice table, with what is called a "do and don't" diagram thereon, held with thumb tacks, and there was also present on said table all the paraphernalia that usually go with a well equipped dice table, such as a "puck," chips, a croupier's stick and dice.

Appellant's defense was that he had invited some friends to his house for a party, and after they had arrived, and before any gambling began, he had gone to sleep on a divan in the room, and had nothing to do with the gambling, nor did he know any gaming was going on at his house. The State attacked such testimony, and probably made some inroads thereon, according to the jury's verdict.

Appellant's bill of exceptions No. 1 is very voluminous, and is concerned with the search warrant introduced before the court, as well as the testimony adduced by the State, found by virtue of such warrant, as contended by appellant. This testimony was admissible, we think, on two other grounds than by virtue of the search warrant. In the first place the officers saw the gambling going on, and the gambling paraphernalia, so they say, before they entered the house, and regardless of the right to seize such paraphernalia without a warrant, they certainly had a right to seize the appellant, he being in the act of committing a felony in their presence. See Art 312, C. C. P. There are no property rights in gambling paraphernalia. Such paraphernalia is a public nuisance, and possession thereof can not be recovered in a suit therefor, nor can damage for the destruction of such be recovered in any court in this State. See Art. 634, P. C.

Again we note that appellant took the witness stand and admitted that the gambling paraphernalia testified to by the officers to have been found in his house, was in said house at the time the raid was made, although he denied ownership of it, and denied knowledge that any game was in progress. We think this testimony of what the officers found was admissible, and overrule bills Nos. 1 and 2.

Bill of exceptions No. 3 complains of the court's refusal to charge the jury, in substance, that if appellant did not know that a dice game was being played in his residence, and had no interest therein, then he should be acquitted. We think that the main charge of the trial court properly protected appellant's rights as contended for above in the following charge: "You are further charged that if the defendant permitted the use of his home for the association of certain persons, without knowledge that such persons would operate a dice game therein; or if after such persons gathered at his premises, one or more of them operated a dice game, and the defendant though present had no knowledge of said dice game or interest therein; —or if you have a reasonable doubt whether or not such be the facts, you will acquit the defendant."

We also think that the above quotation of the court's charge will dispose of his bill No. 4, which is largely a repetition of his bill No. 3.

Bill of exceptions No. 5 is an exception to the first paragraph of the trial court's charge wherein the court practically quoted the statute in full under which this prosecution is based, which was also a quotation from the indictment in this cause. Such quotation is alleged to be duplicitous in that it alleges that appellant "did keep and was interested in keeping" certain premises for gaming, etc. We are not impressed with the thought that there are two offenses charged in such a phrase, but think that such allegations are but a conjunctive method of charging the same offense.

Mr. Branch in his Penal Code, p. 259, says: "Duplicity is the joinder in the same count of two or more separate offenses, or the joinder in the same count of two or more phases of the same offense where the punishment is different, * * *," citing cases.

Again on page 261 he says: "When the punishment is the same, an indictment is not bad for duplicity because it charges in the same count several means of accomplishing the same result," citing numerous cases.

We also note that such an allegation was contained in the indictment in the Antner case, 128 S. W. (2d) 64.

Appellant's bill of exceptions No. 6 is a complaint relative to that portion of the court's charge as to the law of principals, in which it is claimed that such "charge is in the abstract form, and does not charge this defendant, or comport and conform to

the facts in this case, with reference to the presence of this defendant at the scene of the offense charged in the indictment." In the light of this quoted objection we think that no error is shown in this bill. It is overruled.

In the motion for a new trial there was testimony heard relative to the search warrant in the possession of the officers at the time of this raid on appellant's house. We see no error evidenced in said testimony, nor do we think such warrant was material in this cause, as we have heretofore said.

Appellant contends that he has been indicted under the wrong statute. That if he is guilty of any violation of the law, that such should have been under Art. 627, P. C. rather than Art. 625, P. C., as herein utilized, and he cites us to cases that are claimed to support his contention. Many of such cases are fact cases alone, some of them holding that mere presence alone at a gambling game would not be evidence that the accused kept such place for the purpose of gambling. With many of appellant's propositions under such authorities we find ourselves in accord. However when a question of fact arises, most cases are usually judged upon the particular facts presented.

We think Art. 625, P. C. properely denounces the offense here proven, and that the facts herein presented would not be pertinent to Art. 627, P. C., which we quote: "Whoever knowingly permits property or premises of which he is owner, or which is under his control, to be used for any purpose mentioned in the two preceding articles, shall be confined in the penitentiary not less than two nor more than four years."

It is also worthy of observation that appellant denies that he knew anything about any game being played in his house.

We also note that the facts show that what is commonly called a "crap" table was found in appellant's house, fully equipped with the usual appurtenances thereto, as well as diagrammed for a "do and don't" dice gambling game, and gambling was progressing and lots of noise was made within a few feet of where appellant seems to have been peacefully sleeping, although he testified that "while I was asleep they were making a lot of noise and having a lot of fun." We held in Sanchez v. State, 233 S. W. 982, that: "It was also urged against said indictment that it did not allege that persons did bet and wager at games played with cards or dice. This is not necessary and has been so held. Article 559, Vernon's P. C., prohibits the keeping of a place for the purpose of being used as a place to bet or wager; and an offense would be committed by one who kept said place for such purpose, regardless of whether the purpose had been carried into actual execution and the place used for the

purposes intended, or not. Illustrating this: One might fit his house with paraphernalia for gambling, and advertise its purpose, attempt to induce patronage, and be found guilty of keeping, etc., though no one had yet engaged in actual games therein."

To this same effect is the case of Spears v. State, 4 S. W. (2d) 979. Regardless of the playing of any unlawful games, the fact remains that this house was equipped for playing such games, and that it was appellant's house. That he was present while the dice game was going on is shown by witnesses, and it was also shown that some one phoned from appellant's liquor store, and appellant told him to "come on, everything was O.K.," and witnesses said that appellant was there and saw what they were doing while they were shooting dice on this table; that he would occasionally answer the telephone or bring in a cold drink or something. "As any new players came in, I am pretty positive it was Mr. Reese who went to the door." Appellant's co-indictees Kavany and Koehler seemed to be banking the game. Reese did not play. The paraphernalia was there when the witnesses arrived, and some of them were strangers to each other.

We think this appellant was properly charged under Art. 625, P. C., and we also think the facts from the State's standpoint show that he kept this place for the purpose of exhibiting this gambling game with dice.

We perceive no error in the record, and the judgment is affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing insists that there was error in the charge of the court, in that the court instructed the jury that if the defendant had no knowledge of the dice game, or interest therein, or if they had a reasonable doubt thereof, he should be acquitted. This we consider to be a proper charge affirmatively presenting the appellant's defense. It is distinguishable from Crawford v. State, 23 S. W. (2d) 368, in that Crawford did not have such affirmative defense. Crawford knew of the still which he was charged with operating but claimed that it belonged to another. The defense is different and calls for a different affirmative charge presenting such defense.

We adhere to the original opinion. The motion for rehearing is overruled.