## E. KAVANY V. THE STATE.

No. 21172. Delivered November 20, 1940.

Rehearing Denied February 5, 1941.

The opinion states the case.

*S. F. Hill,* of Houston, and *J. Alton York,* of Bryant, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is keeping and exhibiting for the purpose of gaming a gaming table and bank; the punishment, confinement in the penitentiary for two years.

The prosecution proceeded under Article 619, P. C., which reads as follows:

"If any person shall directly, or as agent or employe for another, or through any agent or agents, keep or exhibit for the purpose of gaming, any policy game, any gaming table, bank, wheel or device of any name or description whatever, or any table, bank, wheel or device for the purpose of gaming which has no name, or any slot machine, any pigeon hole table, any jenny-lind table, or table of any kind whatsoever, regardless of the name or whether named or not, he shall be confined in the penitentiary not less than two nor more than four years regardless of whether any of the above mentioned games, tables, banks, wheels, devices or slot machines are licensed by law or not. Any such table, bank, wheel, machine or device shall be considered as used for gaming, if money or anything of value is bet thereon."

Appellant contends that the evidence is insufficient to support the judgment of conviction. It was not controverted that a gaming table and bank were being kept and exhibited for the purpose of gaming in the house of appellant's co-defendant Reese. For a description of such paraphernalia see Reese v.

State, 143 S. W. (2d) 395. The testimony of the arresting officers was to the effect that appellant was present in Reese's house and was arrested along with Reese and other parties when the raid was made. It is appellant's position that the proof fails to show that he had done more than participate as a player in the game. It is true that the proof on the part of the State showed that the co-defendant Reese occupied and controlled the premises which the officers raided. Furthermore, it is true that the only witness for the State who testified that appellant sold the chips used by the players also testified that at times appellant participated in the game with the other players. Again, it is true that this witness testified in the first instance that he did not remember whether he bought any chips from the appellant or not. However, he (the witness) stated that the testimony he gave before the grand jury shortly after the alleged commission of the offense was true; and further he testified, after refreshing his memory, that during the progress of the game appellant would sell chips and call all bets. We quote from the testimony of the witness upon redirect-examination, as follows:

"According to my grand-jury testimony which you have just shown me, I bought my chips from Kavany (appellant). That statement is true. If I said it at that time it was true. I don't remember at this time whether I bought them from him or not. I have read my statement before the grand jury and what I told the grand jury was true. * * * According to that testimony I did and I am sure it is true; the testimony is correct, if it was written like I gave it."

Again, the witness testified as follows: "Did I say the dealer in the game at one time was Kavany? I believe I said I didn't remember. I admitted that I bought the chips from him. He was the dealer at one time. When he was dealing he called all bets when the participants were betting on the 'do' and 'don't.' He would pay off bets if they won. No, Koehler was paying off with the chips. When Koehler was working Kavany was on the other side of the table. I don't remember what he was doing."

It is shown in the testimony that after the arrest of appellant and his co-defendant Reese appellant paid the players who had bought chips during the progress of the game, with money furnished him by Reese.

We deem it unnecessary to set forth the testimony in further detail. We think the statement we have made of the evidence is sufficient to show that the jury were warranted in concluding

that appellant exhibited the table. See Smith v. State, 33 S. W. 871. In Lettz v. State, 21 S. W. 371, this court said: "Counsel for appellant contend that he was not the owner, nor had any interest in the table. This is immaterial. He exhibited the table, and, whether he owned or had an interest in it or not, he violated the law when he exhibited it for the purpose of gaming."

Appellant's contention that the court was not warranted in charging on the law of principals can not be sustained. The proof is sufficient to show that appellant and Reese acted together in the commission of the offense. The fact that appellant had no control of the premises where the game was carried on is immaterial. If he acted with Reese in keeping and exhibiting the gambling device in question for the purpose of gaming he and Reese were principals. Lettz v. State, supra.

Appellant insists that under the testimony he should have been prosecuted as the agent of Reese. This contention can not be sustained. Under the proof offered by the State appellant directly kept and exhibited the table and bank.

Appellant's bill of exception relating to the argument of the district attorney, as qualified, shows that the argument was based on the testimony adduced upon the trial. The bill fails to reflect error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant asks for a review upon our part of the testimony in this matter, and again insists that there is no direct affirmative testimony showing his guilt, but instead he says that the main witness for the State merely makes the statement that if he swore certain things before the grand jury, then that such testimony was true, and thus incriminates the appellant as a keeper of these unlawful games.

While some of the State's testimony seems to thus come from what might be termed an unwilling witness, nevertheless there also appears testimony herein that appellant sold chips

to be used in these games, that he paid off persons who won in the game, and finally, in the presence of the arresting officers, made final payment to players who were in possession of such chips after the games had been concluded by the raid of the officers.

The single bill of exceptions complains of an argument of the district attorney relative to the disposition of certain companion cases against two other parties charged with participating in this same offense. The qualification to this bill, as well as the record, shows that the remark of the district attorney was based upon testimony first brought out by appellant's attorney, and the complained of remarks seem to have been proper as legitimate argument.

We think the original opinion properly decides this case, and the motion is therefore overruled.