

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clint A. Barham
County Attorney
Erath County
Stephenville, Texas

Dear Sir:

Opinion No. O-3569
Re: If an officer sees the owner of
a private residence inside the
owner's house shooting dice and
betting on the outcome with three
or four other persons who were
invited to participate in the
game, would the officer have the
right to enter the house without
a search warrant or a warrant of
arrest and arrest all the persons
engaged in the game of chance, in-
cluding the owner as well as his
guests?

This is to acknowledge receipt of your request for
our opinion on the question as stated above.

The circumstances under which peace officers are
authorized to make arrests without warrants are generally
covered in Chapter 1, Title 5, Code of Criminal Procedure,
1925, Articles 212 to 217, inclusive. Special provisions of
the Penal Code permit such arrests for certain violations;
e. g., speeding with motor vehicles, and other violations of
laws regulating motor vehicles (Art. 803, P.C.); unlawful
carrying of arms (Art. 487, Ibid); etc., but we find no such
specific provisions authorizing the arrest without warrant of
those engaged in violations of the statutes against gaming.
See Chapter 6, Title 11, Penal Code, Articles 615 to 642.

Article 212, Code of Criminal Procedure, 1925, reads
as follows:

Honorable Clint A. Barham, Page 2

"A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as 'an offense against the public peace.'"

This statute, which is controlling in most instances, is very plain - in order to justify an arrest under it the offense must amount either to a felony or an offense against the public peace. 4 Tex. Jur. 743, ¶ 5 and cases cited in notes. The circumstances must be such as to warrant a reasonable and cautious man in the belief that a felony is being committed. Moore v. State, 107 Tex. Cr. R. 24, 294 S. W. 550.

Article 618 of the Penal Code makes it a misdemeanor to bet or wager any money or other thing of value at any game played with dice. For violations of this particular Article warrants are essential to perfect a legal arrest.

Articles 625, 626 and 627 of the Penal Code of 1925 are taken from Article 559 of the 1911 revision, and condemn as a felony the keeping of a place for the purpose of being used as a place to bet, wager or gamble with various named things, among them dice. Article 628 makes it a misdemeanor for one to permit such games to be played in his house, or in a house under his control, the said house being either a public place or appurtenant thereto.

The Court of Criminal Appeals has seemingly encountered considerable difficulty in construing these several provisions, but apparently has made a distinction "between permitting a casual game on one's premises and that of permitting premises to be kept for the purpose of gaming." Fridge v. State, 90 Tex. Cr. R. 75, 233 S. W. 979. See also the case of Francis v. State, 90 Tex. Cr. R. 67, 233 S. W. 974. In the latter case we interpret the opinion to hold that it was not the intent of the Legislature to denounce as a felony the acts of one who merely suffered the playing of a prohibited game in his house, but the proof must show that the premises were kept "for the purpose of being used as a place" to gamble. We likewise direct your attention to the cases of Bowman vs. State,

Honorable Clint A. Barham, Page 3


117 Tex. Cr. R. 116, 33 S. W. (2d) 439 and Grundy v. State, 129 Tex. Cr. R. 93, 83 S. W. (2d) 991.

The presence of paraphernalia and equipment for gambling (as additional proof) would seem to be sufficient to sustain a felony conviction under the facts submitted in your question. Reese v. State (Tex. Cr. A.) 143 S. W. (2d) 395.

In the Reese case an attack was made on the sufficiency of the search warrant used by the officers. The Court held that inasmuch as said officers saw gambling going on and gambling paraphernalia in the house before entering the house, they had the right, without a warrant, to arrest the person who controlled and occupied it. See also Kavany v. State (Tex. Cr. A.) 147 S. W. (2d) 262.

It is our opinion from a careful reading of the above and many other cases that if an officer happened to see an owner of a private residence and several guests engaged in a dice game in the residence, even though wagering on the outcome of the "game of chance," absent other evidence of the residence being "kept for the purpose of being used as a place to gamble" there would be no justification for arrest of any of the participants until a warrant of arrest had been obtained. If, however, from the existence of gambling paraphernalia, or other facts, such residence was being operated as a place for the purpose of being used as a place to bet and wager, and to gamble with dice, the arrest of the owner would be legal under the provisions of Article 212, Code of Criminal Procedure, for a felony being committed in the presence of the officer. Reese v. State, supra.

If the extent of the conduct of the "guests" of the owner was to do no more than to participate in the game as players, such "guests" would not be guilty of felonious conduct and a warrant would be essential to legal arrest. To sustain a conviction for keeping of premises for use as a gambling house, it must be shown that the accused had some interest in the place in which prohibited games were played; Lewis v. State, 136 Tex. Cr. R. 105, 124 S. W. (2d) 121.

Honorable Clint A. Barham, Page 4

We do not believe one merely playing at a prohibited game could be properly convicted as a principal with one charged with keeping a place to be used as a place for gambling. Therefore, such persons could only be legally arrested with a warrant.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 29, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Benjamin Woodall
Assistant

BW:ej



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN