OSCN Found Document:SYL OKLAHOMA, LLC et al. v STATE OF OKLAHOMA ex rel. GRUBB

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SYL OKLAHOMA, LLC et al. v STATE OF OKLAHOMA ex rel. GRUBB
2025 OK CIV APP 16
Case Number: 122210
Decided: 12/17/2024
Mandate Issued: 05/29/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2025 OK CIV APP 16, __ P.3d __

 

SYL OKLAHOMA, LLC, an Oklahoma limited liability company, and SAI YING LIN, Plaintiffs/Appellants,
vs.
STATE OF OKLAHOMA, ex rel. ALLAN GRUBB, DISTRICT ATTORNEY IN AND FOR LINCOLN COUNTY, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
LINCOLN COUNTY, OKLAHOMA

HONORABLE JOHN G. CANAVAN, TRIAL JUDGE

AFFIRMED

Thomas Goldman, Edward Goldman, Robert Goldman GOLDMAN LAW PLLC Oklahoma City, Oklahoma For Plaintiffs/Appellants

Gentner Drummond ATTORNEY GENERAL, Jesse S. Ogle, Alec N. Fraser ASSISTANT ATTORNEYS GENERAL Oklahoma City, Oklahoma For Defendant/Appellee

JANE P. WISEMAN, PRESIDING JUDGE:

¶1 Plaintiffs SYL Oklahoma, LLC, and Sai Ying Lin appeal a trial court order granting the State of Oklahoma's motion to dismiss for lack of subject matter jurisdiction and lack of standing. Our review on appeal entails whether the trial court erred as a matter of law in granting State's motion to dismiss. After review, we conclude it did not and affirm its decision.

FACTS AND PROCEDURAL BACKGROUND

¶2 Plaintiffs allege in their petition that they own property in Lincoln County, Oklahoma, and that Lin received a commercial grower's license from the Oklahoma Medical Marijuana Authority (OMMA), after which her legal counsel told her that "she was completely legal to build and cultivate her commercial medical marijuana grow business." Plaintiffs claim SYL "cultivated a very large crop of medical marijuana, having significant value, in excess of $20,000,000." Lin's counsel did not obtain a certificate of registration from the Oklahoma Bureau of Narcotics and Dangerous Drugs (OBNDD), but Lin was unaware of that fact. William Wheeler of the District 23 Drug Task Force (DTF23) obtained a search warrant on June 11, 2021, for Plaintiffs' property at 341559 E. Highway 105, Tryon, Oklahoma. Although Lin emailed a copy of the OMMA license to Wheeler, Lin informed "Wheeler's assistant that SYL did not possess an OBNDD permit." Plaintiffs allege that, without prior notice to them, District Attorney Allan Grubb, Wheeler, members of DTF23, and others executed the search warrant on June 15, 2021, and uprooted and cut down marijuana plants, placed them in pits, and set fire to the plants. The officers and others participating in the operation also destroyed 82 greenhouses and the irrigation, electrical, and mechanical systems in those greenhouses.

¶3 Plaintiffs allege, "Law enforcement officers raided the property with assault rifles drawn and pointing directly at Ms. Lin and her employees who were present on the real property during the raid." Wheeler arrested Lin during the raid. District Attorney Grubb charged Lin with two felony counts, "Cultivation of a Controlled Dangerous Substance" and "Maintaining a Place for Keeping/Selling a Controlled Dangerous Substance." The charges were later dismissed on State's motion.

¶4 Plaintiffs sought a declaratory judgment as to which statutory provision governed law enforcement's conduct in the destruction of the marijuana, urging that 63 O.S. § 2-509Title (C)(1) is the sole authority permitting a peace officer, or other state agency to cut, burn, destroy or eradicate marijuana." Plaintiffs also assert a claim for replevin for the destroyed marijuana plants.

¶5 State filed a motion to dismiss pursuant to 12 O.S. § 201263 O.S. §§ 2-505

¶6 After a hearing, the trial court granted State's motion to dismiss finding Plaintiffs lacked standing to bring either the declaratory judgment or the replevin action because of "their failure to satisfy threshold elements, absence of a legally protected property interest, and a lack of redressability and due to an absence of an 'actual controversy' under 12 O.S. § 165112 O.S. § 1580

¶7 Plaintiffs appeal.

STANDARD OF REVIEW

¶8 "The purpose of a motion to dismiss is to test the law that governs the claim in litigation, not the underlying facts." Young v. Station 27, Inc., 2017 OK 68404 P.3d 829de novo standard." Id. 

ANALYSIS

¶9 Plaintiffs list eleven propositions of error in their brief in chief, but these may essentially be distilled down to whether the trial court erred as a matter of law in granting the motion to dismiss as to both the declaratory judgment and replevin claims.

¶10 In reviewing the grant of a motion to dismiss for lack of standing, we must presume the facts alleged in the petition are true. See Berkson v. State ex rel. Askins, 2023 OK 70532 P.3d 36see also Knox v. Oklahoma Gas & Elec. Co., 2024 OK 37549 P.3d 1260Berkson that "the allegations of a petition are presumed or deemed true for the purpose of testing the sufficiency of the pleading" where "a 12 O.S.2011, § 2012

¶11 "[W]hen Oklahoma enacted its medical marijuana laws, [it left] marijuana in Schedule I but create[ed] a licensing procedure authorizing its lawful possession and use." State v. Aguilar, 2024 OK CR 18

¶12 Title 63 O.S. Supp. 2020 § 2-10163 O.S. Supp. 2020 § 2-20463 O.S. Supp. 2020 § 2-302

Every person who manufactures, distributes, dispenses, prescribes, administers or uses for scientific purposes any controlled dangerous substance within or into this state, or who proposes to engage in the manufacture, distribution, dispensing, prescribing, administering or use for scientific purposes of any controlled dangerous substance within or into this state shall obtain a registration issued by the Director of the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control, in accordance with rules promulgated by the Director. Persons registered by the Director under Section 2-101 et seq. of this title to manufacture, distribute, dispense, or conduct research with controlled dangerous substances may possess, manufacture, distribute, dispense, or conduct research with those substances to the extent authorized by their registration and in conformity with the other provisions of the Uniform Controlled Dangerous Substances Act.

(Emphasis added.)

¶13 The Oklahoma Administrative Code 475:10-1-9(c) provided at the time of this forfeiture and still provides: "Any person or entity who fails to register shall be in violation of the Uniform Controlled Dangerous Substances Act and subject to penalties as provided therein."

¶14 OBNDD registration is not an obscure requirement--it is set out in plain terms on the OMMA website which lists on the commercial licenses page the requirements for OBNDD registration:

All Oklahoma medical marijuana businesses must possess a valid OMMA commercial license and an active OBNDD registration to possess or handle medical marijuana or medical marijuana product. The deadline for OBNDD's annual registration is Oct. 31. Commercial licensees who fail to meet this requirement by Nov. 1 will be required to cease business operations and lose access to the Metrc statewide seed-to-sale tracking system.

https://oklahoma.gov/omma/businesses/commercial-licenses.html.

¶15 Because Plaintiffs admittedly did not have an OBNDD certificate to verify registration, they have not shown compliance with the legal requirements to grow and possess marijuana as a medical marijuana provider, making their possession illegal. With this background in mind, we turn to Plaintiffs' request for declaratory judgment and replevin.

I. Declaratory Judgment

¶16 Plaintiffs petitioned the trial court to declare "which Oklahoma statute applies when the State of Oklahoma, peace officer, or other state agency cuts, burns, destroys, or eradicates marijuana pursuant to Oklahoma law." The trial court agreed with State in its motion to dismiss and found that Plaintiffs lack standing to seek declaratory relief. "Standing refers to a person's legal right to seek relief in a judicial forum." Fent v. Contingency Review Bd., 2007 OK 27163 P.3d 512

(1) a legally protected interest which must have been injured in fact--i.e., suffered an injury which is actual, concrete and not conjectural in nature, (2) a causal nexus between the injury and the complained-of conduct, and (3) a likelihood, as opposed to mere speculation, that the injury is capable of being redressed by a favorable court decision.

J.P. Morgan Chase Bank, N.A. v. Eldridge, 2012 OK 24273 P.3d 62Fent, 2007 OK 27

¶17 To determine the applicable Oklahoma statute as Plaintiffs requested, they sought a declaratory judgment that 63 O.S. § 2-50963 O.S. § 2-50563 O.S. § 2-50963 O.S. § 2-50563 O.S. § 2-509

¶18 Section 2-509 provides, "All species of plants from which controlled dangerous substances in Schedules I and II may be derived are hereby declared inimical to health and welfare of the public, and the intent of the Legislature is to control and eradicate these species of the plants in the State of Oklahoma." 63 O.S.2021 § 2-509

¶19 "[W]hen Oklahoma enacted its medical marijuana laws, [it left] marijuana in Schedule I but create[ed] a licensing procedure authorizing its lawful possession and use." State v. Aguilar, 2024 OK CR 18

It shall be unlawful for any person to cultivate or produce, or to knowingly permit the cultivation, production, or wild growing of any species of such plants, on any lands owned or controlled by such person, and it is hereby declared the duty of every such person to destroy all such plants found growing on lands owned or controlled by the person.

The portion of this statute advanced by Plaintiffs to control the destruction of the plants at issue states:

Whenever any peace officer of the state shall receive information that any species of any such plants has been found growing on any private lands in the State of Oklahoma, the peace officer shall notify the sheriff and county commissioners of the county wherein such plants are found growing. Within five (5) days of receipt of such notice, the county commissioners shall notify the owner or person in possession of such lands that such plants have been found growing on the lands and that the same must be destroyed or eradicated within fifteen (15) days. When the fifteen (15) days have elapsed, the reporting peace officer shall cause an investigation to be made of the aforesaid lands, and if any such plants be found growing thereon, the county commissioners shall cause the same to be destroyed or eradicated by either cutting and burning or by applications of herbicides approved for such purpose and registered for use in Oklahoma by the Oklahoma Department of Agriculture, Food, and Forestry in accordance with Section 2-505 of this title.

63 O.S.2021 § 2-509

¶20 Title 63 O.S.2021 § 2-505

Species of plants from which controlled substances in Schedules I or II of the Uniform Controlled Dangerous Substances Act may be derived which have been planted or cultivated in violation of the Uniform Controlled Dangerous Substances Act, or of which the owners or cultivators are unknown, or which are wild growths, may be seized by peace officers, summarily forfeited and, in lieu of the eradication procedures contained in Section 2-509 of this title, promptly cut and burned where seized or destroyed . . . .

(Emphasis added.)

¶21 Although Plaintiffs urge that 63 O.S.2021 § 2-50963 O.S.2021 § 2-509

In lieu of the eradication procedures provided for in subsections B and C of this section, all species of plants from which controlled dangerous substances in Schedules I and II of the Uniform Controlled Dangerous Substances Act may be derived, may be disposed of pursuant to the provisions of subsection C of Section 2-505 of this title.

¶22 "Legislative intent governs statutory interpretation and this intent is generally ascertained from a statute's plain language." State ex rel. Oklahoma State Dep't of Health v. Robertson, 2006 OK 99152 P.3d 875Rogers v. Quiktrip Corp., 2010 OK 3230 P.3d 853

¶23 Aside from the trial court's decision on standing on Plaintiffs' declaratory judgment claim, the plain language of these two sections, §§ 2-509(C)(1) and 2-505(C), does not support the interpretation Plaintiffs advanced to resist State's motion to dismiss and keep their declaratory judgment action alive. We see no trial court error in its dismissal of Plaintiffs' declaratory judgment claim.

II. Plaintiffs cannot maintain a claim of replevin.

¶24 The trial court found Plaintiffs lacked standing to bring a replevin action. We agree that Plaintiffs failed to demonstrate standing because they are unable to show they had a legally protected interest in the marijuana that State seized and burned.

¶25 A plaintiff asserting a claim for replevin must in the petition allege facts to show that the plaintiff "is the owner of the property in controversy, describing it, or that [the plaintiff] has a special ownership or interest therein," that the plaintiff "is entitled to the immediate possession of the property, and that the defendant wrongfully detains the same from him." Hivick v. Oklahoma-Colorado Oil & Gas Co., 1923 OK 49212 P. 420

¶26 Plaintiffs seek recovery pursuant to 12 O.S.2021 § 1580

In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same. The judgment rendered in favor of the prevailing party in such action may include a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Because the plants were destroyed, Plaintiffs clearly were seeking the value of the property destroyed, not recovery of the property itself.

¶27 A replevin action at common law "tested only the defendant's right to possession of the property at the time the action was commenced," but Oklahoma's "statutory replevin action, though founded upon a person's wrongful detention of another's personal property, is not one for settlement of a tort claim." Womack v. City of Oklahoma City, 1986 OK 14726 P.2d 1178proprietary interest in immediate possession." Id. (emphasis added). The Court in Womack further added, "[T]he rule is pronounced that the gist of a replevin action is the claimant's right to immediate possession of the property based solely upon the strength of his own title." Id. n.9. "The primary object of statutory replevin is the recovery of specific personal property and not of money." Brook v. James A. Cullimore & Co., 1967 OK 251436 P.2d 32

¶28 In the absence of other dispositive impediments, Plaintiffs would have been entitled to pursue possession of the seized goods, but their destruction by State afforded no other remedy but the value of the goods. The value of the destroyed property appears secondary to the "vindication of [Plaintiffs'] proprietary interest in immediate possession." Womack, 1986 OK 14Womack in finding Plaintiffs' replevin claim to constitute a tort, we are persuaded that Womack is still good law, Plaintiffs' claim for replevin is not a tort claim, and the GTCA does not govern Plaintiffs' replevin claim. See Sweeten v. Lawson, 2017 OK CIV APP 51404 P.3d 885

¶29 To maintain their replevin action, Plaintiffs must overcome a major obstacle--a showing of their proprietary interest in the marijuana because they have no legal right to grow or possess it. Plaintiffs argue that their possession was not illegal because the court in the criminal case against Lin found that she "had not committed a crime and dismissed all criminal charges against [her]." This result does not end our inquiry on this question.

¶30 An action for replevin will not lie for the recovery of property that is illegal to own or possess by the party seeking its return. See, e.g., Clark v. Holden, 2 So.2d 570, 571 (Miss. 1941) ("replevin will not lie for the recovery of articles in which no property right can exist in the plaintiff, and the possession of which by him is made unlawful"); Reese v. State, 143 S.W.2d 395, 396 (Tex. Crim. 1940) ("There are no property rights in gambling paraphernalia" because it "is a public nuisance, and possession thereof can not [sic] be recovered in a suit therefor nor can damage for the destruction of such be recovered"); Ethiopian Zion Coptic Church v. City of Miami Beach, 376 So.2d 925 (Fla. Dist. Ct. App. 1979) (no recovery in replevin for seized marijuana plants); United States v. Clymore, 245 F.3d 1195, 1200 (10th Cir. 2001)(there are no property rights in illegal drugs and illegal drugs are not subject to the right of replevin); Schmidt v. County of Nevada, 808 F.SupP.2d 1243, 1253 (E.D. Cal. 2011) (plaintiff required to show he was in lawful possession of marijuana to state a claim for unlawful detention and conversion). We are persuaded by the reasoning in these cases which comports with the statutory intent behind Oklahoma's Uniform Controlled Dangerous Substances Act and, with the facts as presented, we have not found authority affirming a plaintiff's standing in such circumstances and allowing such a claim to proceed. With no certificate of registration from the OBNDD, Plaintiffs, as a prerequisite to establishing their property interest, cannot show that their possession of the marijuana was lawful and thus cannot maintain a replevin action for its destruction, as the trial court correctly concluded.

CONCLUSION

¶31 Plaintiffs have not demonstrated trial court error as a matter of law in dismissing their claims for declaratory judgment and replevin, and the trial court's decision is affirmed.

¶32 AFFIRMED.

BARNES, C.J., and FISCHER, J., concur.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105