## ROBINSON & CO. v. STINER.

No. 482. Opinion Filed May 10, 1910.

(109 Pac. 238.)

1. **REPLEVIN—Gist of Action—Right of Possession.** The gist of the action in a replevin is the right to possession of the chattels in controversy.

2. **REPLEVIN — Amendment to Petition.** The affidavit alleging generally a specific ownership and interest in, and that the plaintiff is entitled to the immediate possession of, certain chattels, and the petition setting up a special ownership in the same chattels, specifically pleading such special ownership by virtue of two certain mortgages and describing a portion of the indebtedness secured by said mortgages, it was error to strike from the files an amended petition after allowing same to be filed, there being no change in the chattels sought to be recovered nor in the parties to the action, but in stating the facts of the special ownership and wrongful detention, two additional mortgages held by the plaintiff at the time of the beginning of the action covering the same property, the indebtedness secured thereby then due, and default as to payment and demand for possession having been made, at such time, also being pleaded.

3. **CHATTEL MORTGAGES—Pledges — Duration of Lien—Judgment.** Although the evidence of the debt be changed from a simple contract like a promissory note to a judgment, the lien of the mortgage or pledge continues effectual until the debt is paid or discharged.

(Syllabus by the Court.)

*Error from Kay County Court; Claude Duval, Judge.*

Action by Robinson & Co. against N. L. Stiner. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with intsructions.

*Moss & Turner,* for plantiff in error.
*Sam K. Sullivan,* for defendant in error.

WILLIAMS, J. Unless the amendment changed substantially the claim of plaintiff, the same should have been allowed. Sections 4343 and 4344, Wilson's Rev. & Ann. St. 1903; *Kuchler v. Weaver,*

23 Okla. 420, 100 Pac. 920. The gist of the action of replevin is the right to possession, and the declaration or petition must contain an averment that the plaintiff is the owner of the property, or that the title is in him, or that the right of possession is in him at the commencement of the suit. Where the plaintiff is entitled to possession by virtue of a special ownership in the property, he must in his declaration or petition aver the facts creating such ownership. *Holmberg v. Dean et al.,* 21 Kan. 73; 18 Ency. of Pleading & Practice, pp 536, 537. In *Martinez v. Martinez,* 2 N. M. 464, it is said:

"The action of replevin is not an extraordinary remedy in derogation of the common law, like the proceeding in attachment. On principle, the owner of personal property ought to have the same right to recover the possession of it in specie when wrongfully detained, as he has to recover a debt, and in either proceeding the law should be equally liberal in allowing amendments in furtherance of justice."

In the case of *Hoisington v. Armstrong,* 22 Kan. (2d Ed. 92) 110, the court said:

"All that a plaintiff in replevin is required to set forth in his petition is that he is the owner of the property in controversy (describing it), or that he has a special ownership or interest therein (stating the facts in relation thereto), that he is entitled to the immediate possession of the property, and that the defendant wrongfully detains the same from him."

In the case of *Swope & Son v. Burnham, Hanna, Munger & Co.,* 6 Okla. 736, 52 Pac. 924, the court said:

"After the issues were made up, the court granted the plaintiffs, over the objection and exception of the defendants, leave to file an amended petition, in which the plaintiffs alleged that they had a special ownership in the goods in controversy, that is, a lien thereon, by virtue of a chattel mortgage made by the defendants to the plaintiffs, and which, with the note which it was given to secure, was made an exhibit to the amended petition. It is urged that the court committed error in permitting this amendment, because it changed the plaintiff's claim of title to the property from that of absolute ownership, as alleged in the original petition, to

that of special ownership, or a lien thereon, as alleged in the amended petition. We do not think there was any error in this ruling of the court. The amendment of pleadings is largely a matter of discretion, and a ruling upon such an application will not be reversed, unless there has been a clear abuse of the discretion of the trial court. *Rogers v. Hodgson* [46 Kan. 276] 26 Pac. 732. The amendment was not a substantial change in the controversy between the plaintiff and defendant. The property sued for in the original petition was the same, exactly, as that stated in the amended petition, and the parties charged with the wrongful and unlawful detention of it were the same. The difference consisted in the kind of title upon which the plaintiffs based their right to require the delivery by the defendants to them of the property. Such amendments should always be permitted, where they are in furtherance of justice and it is not shown that any justice would have been subserved in refusing plaintiff's application, and this amendment does not go further than the courts have frequently permitted. *Mulhall v. Mulhall,* 3 Okla. 304 [41 Pac. 109]; *Teger v. Swenson* [32 Kan. 224] 4 Pac. 83. In the last case the plaintiff was, after the cause, originally brought in the justice court, had been appealed to the district court, allowed to amend his bill of particulars, so as to allege a cause of action upon a judgment rendered upon two promissory notes, instead of one, as the action was begun upon the same promissory notes.

See, also, the case of *Fort Produce Co. v. Southwestern Grain Co., infra,* 108 Pac. 386.

The amendment neither changed the parties nor the property in controversy, and, under the foregoing authorities, the court abused its discretion in striking the amended petition.

The fact that the notes for which the additional mortgages were executed had been reduced to judgment did not thereby deprive the plaintiff of the right to foreclose or enforce the lien under the mortgage. 2 Cobbey on Chattel Mortgages (1893) § 944; Jones on Chattel Mortgages (5th Ed.) § 642. In the latter section it is said:

"Although the evidence of the debt be changed from a simple contract like a promissory note to a judgment, the lien of a mortgage or pledge continues effectual until the debt is paid or discharged."

The judgment of the lower court is reversed, and this cause remanded, with instructions to allow the amended petition to be filed.

All the Justices concur.