### HIVICK et al. v. OKLAHOMA-COLORADO OIL & GAS CO.

No. 10886—Opinion Filed Jan. 30, 1923.

Rehearing Denied Feb. 20, 1923.

2nd Rehearing Denied April 17, 1923.

(Syllabus.)

1. Replevin—Petition—Sufficiency.

A plaintiff in replevin should allege in his petition facts which show that he is the owner of the property in controversy, describing it, or that he has a special ownership or interest therein, stating the facts in relation thereto; that he is entitled to the immediate possession of the property, and that the defendant wrongfully detains the same from him. Record examined, and held, that the petition is sufficient to withstand an attack by objections to the introduction of evidence thereunder.

2. Chattel Mortgages—After-Acquired Property—Intent.

In order for a chattel mortgage to operate as a lien upon property not yet acquired by the mortgagor, it must show by language apt and clear the intention of the mortgagor to include after-acquired property.

Error from District Court, Choctaw County; C. E. Dudley, Judge.

Action by the Oklahoma-Colorado Oil & Gas Company against J. P. Hivick and another in replevin. Judgment for plaintiff, and defendants appeal. Modified and affirmed.

R. H. Stanley and Brett & Mathers, for plaintiffs in error.

Stephenson & Holloway, for defendant in error.

NICHOLSON, J. This was an action in replevin brought by the Oklahoma-Colorado Oil & Gas Company against J. P. Hivick and S. R. McConnell to recover the possession of a drilling machine, tools, etc. Judgment was for the plaintiff, from which the defendants have appealed and contend:

First, that the court erred in overruling their objection to the introduction of any evidence under the petition, for the reason that said petition failed to state facts sufficient to constitute a cause of action.

The specific objection made to the petition is that it is not alleged therein that the plaintiff is the owner, either general or special, of the property described, and there is no allegation that the plaintiff is entitled to the immediate possession of the property. The petition contains the allegations that the defendant Hivick gave his promise in writing to pay the plaintiff the sum of $6,237.74, with interest; that the said sum was to be paid in accordance with a certain drilling contract entered into between the parties; that a chattel mortgage was executed and delivered to the plaintiff by Hivick, covering the personal property described in said chattel mortgage, and providing when the same should become due. A copy of the chattel mortgage, as well as copies of the promise to pay and the drilling contract, were attached to the petition as exhibits.

It was further alleged that there remained due and owing the plaintiff upon said instruments the sum of $5,080; that said chattel mortgage had been breached and said plaintiff was entitled to the possession of the personal property described in said mortgage for foreclosure, the possession of which the plaintiff had demanded; that the defendant McConnell was holding possession of said property from said plaintiff and refused to deliver the same for foreclosure, and that said property was of the reasonable value of $5,000. The chattel mortgage provided that in the event of a breach of any or either of the provisions thereof, the second party (the plaintiff) should be entitled to the possession of said property for the purpose of foreclosure.

This petition is rather loosely drawn, yet, when we consider the pleadings and exhibits together, it alleged facts sufficient to show that the plaintiff had a special ownership in the property described, and as a breach of the conditions of the mortgage was alleged, which breach, according to the terms of the mortgage, entitled the plaintiff to the possession of the property for the purpose of foreclosure this was sufficient to show that the plaintiff was entitled to the immediate possession of said property. The petition is by no means a model one, but is sufficient to withstand an attack by an objection to the introduction of evidence thereunder.

It is next urged that a portion of the property taken under the writ and covered by the mortgage was not included in the chattel mortgage, and that the court erred in not segregating this property and ordering the same returned to the defendants.

The mortgage described "One No. 24 Leidecker Drilling Machine and other personal property, as shown by exhibit 'A' hereto attached and made a part of this instrument." This exhibit described in detail various articles, among which were "1½ x 1600 wires and line," and one 2¼ x 1400 inch Manila Drilling Cable." It appears from the evidence that the sand line and cable above described were not those taken under the writ, but that those taken had been purchased by the defendants after the execution of the mortgage.

The mortgage contains no provision relating to property to be acquired in the future, and nothing appears therein indicating that it was the intention of the mortgagor to include after-acquired property. By the provisions of section 3829, Rev. Laws 1910, an agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, but, in order for a mortgage to operate as a lien upon property not yet acquired by the mortgagor, it must show by language apt and clear the intention of the mortgagor to include after-acquired property. Mitchell et al. v. Guaranty State Bank, 68 Okla. 110, 172 Pac. 47; Kaster v. Fashion Livery Co. (Ariz.) 85 Pac. 120; 11 C. J. 501.

The defendant in error argues that:

"It must be borne in mind that the plaintiff accepted a mortgage on a well-drilling outfit or machine that was complete at the time of the execution of the mortgage. It was only valuable to the plaintiff as collateral, because it was a serviceable and useful piece of machinery, and the property in question was added to the equipment to keep it in good condition. * * * It was a workable machine that the plaintiff received a mortgage on, and was the class of machine that the plaintiff replevied under the writ."

The trouble with this argument is that it is not borne out by the evidence. An examination of the mortgage shows that the property mortgaged consisted of "One No. 24 Leidecker Drilling Machine, and other personal property shown by exhibit 'A' hereto attached and made a portion of this instrument." The drilling machine is described as one item in the exhibit attached, and the sand line and cable are described as distinct items. Had the property been described as a drilling machine and equipment, consisting of the items described in the exhibit, there might be merit in the argument advanced, but the machine is but one of many items of the property mortgaged. Had the defendants acquired a new drilling machine of the character of the one described in the mortgage, no one would contend that the mortgage by its terms covered the new machine, yet the contention could be as consistently made as the claim that the mortgage covered the new sand line and cable.

In our opinion, the trial court erred in awarding the possession of the sand line and cable to the plaintiff, and as it appears from the record that said sand line and cable had deteriorated to such an extent that they were practically worthless at the time of the trial, and as it further appears that the sand line was of the value of $300, and the cable of the value of $1,000 at the time plaintiff took possession of them, the defendant should be credited with the sum of $1,300 on the judgment.

The judgment of the trial court should be modified by deducting therefrom the said sum of $1,300, and as so modified, such judgment is affirmed.

JOHNSON, V. C. J., and KANE, McNEILL, and KENNAMER, JJ., concur.