OSCN Found Document:SWEETEN v. LAWSON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 







 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 SWEETEN v. LAWSON
2017 OK CIV APP 51
Case Number: 114992
Decided: 09/19/2017
Mandate Issued: 10/18/2017
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2017 OK CIV APP 51, __ P.3d __

 

FLO SWEETEN, Plaintiff/Appellant,
v.
KYLE LAWSON and THE TOWN OF GENE AUTRY, OKLAHOMA, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
CARTER COUNTY, OKLAHOMA

HONORABLE CARSON M. BROOKS, TRIAL JUDGE

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS

Darryl F. Roberts, Ardmore, Oklahoma, for Plaintiff/Appellant
John D. Otey, OTEY LAW OFFICES, P.L.L.C., Ardmore, Oklahoma, for Defendants/Appellees

DEBORAH B. BARNES, PRESIDING JUDGE:

¶1 In this replevin action, Plaintiff Flo Sweeten (Sweeten) appeals from the trial court's Order denying her motion for new trial following the trial court's grant of summary judgment to Defendants Kyle Lawson (Lawson) and the Town of Gene Autry (the Town) (collectively, Defendants). Based on our review, we conclude Sweeten's replevin action does not fall within the scope of the Oklahoma Governmental Tort Claims Act (GTCA).[1] Furthermore, we conclude the trial court erred in denying Sweeten's request for prejudgment delivery. Finally, a substantial controversy remains as to Sweeten's ownership of at least some of the personal property items she claims and, therefore, summary judgment was improperly granted. We remand this case to the trial court for further proceedings.

BACKGROUND

¶2 Sweeten filed a "Petition for Writ of Replevin" in September of 2015 alleging she is "the owner, operator and has an interest in the Blue Rooster gift shop located in the Gene Autry Museum in Gene Autry, Oklahoma." She alleged that "certain items of personal property" owned by her are located in this gift shop, and she alleged this property "is being wrongfully detained by [Defendants]." She requested that the trial court "issue an order for the immediate delivery" of the personal property which she listed in an exhibit attached to her petition, "and for all other relief as allowed by law."

¶3 Defendants filed an "Objection and Answer to Application for Order of Delivery." Defendants denied Sweeten's allegations and asserted Sweeten "has not shown any title or proof of ownership to any of the items listed in her petition[.]"

¶4 A hearing on Sweeten's request for prejudgment delivery of her claimed property was set for October 23, 2015. Prior to the hearing, Defendants filed a motion to dismiss in which they asserted Sweeten has failed to comply with the GTCA. Defendants assert Sweeten's claims constitute "an action sounding in the tort of conversion, and as such the [GTCA] applies and requires a specific set of procedural requirements before ripening into a justiciable cause of action that can be filed in an Oklahoma district court[.]" As to the Town in particular, Defendants asserted it is a political subdivision of the State of Oklahoma and, hence, is protected from tort liability under the GTCA. As to Defendant Kyle Lawson, Defendants stated that

Lawson's only function[s] that touch or concern the subject property issues raised in [Sweeten's] petition were performed by [Lawson] acting in his official capacity as Mayor of the Town of Gene Autry, and as such [Lawson] would further assert immunity from prosecution individually and as a governmental actor[.]

¶5 In Sweeten's response to the motion to dismiss, she pointed out that "[t]he purpose of a motion to dismiss is to test the law that governs the claim," not the facts.[2] Sweeten also cited to Womack v. City of Oklahoma City, 1986 OK 14, 726 P.2d 1178, among other cases, in support of the proposition that her replevin action does not constitute a tort action and, hence, is not subject to the provisions of the GTCA.

¶6 An evidentiary hearing on Sweeten's request for immediate, prejudgment delivery of her claimed property was held on October 23, 2015.[3] Testimony was elicited at this hearing from Sweeten and Lawson, as well as from a criminal investigator who testified regarding an ongoing criminal investigation involving certain entities with connections to the museum where the gift shop in question is located. Lawson testified he "changed the locks," after which Sweeten, along with the general public, could not enter the museum or gift shop (a shop which Sweeten testified she operated since 1990). Lawson admitted there was no search warrant, tax, fine, penalty, or order of delivery issued by a court to support preventing Sweeten from gaining access to her property or which might defeat Sweeten's request to have her property delivered to her. Although Lawson testified he did not believe Sweeten's property was technically seized, when questioned: "So you're denying her the right to get her property," Lawson responded, "Now I am."[4] When questioned, "Why should [Sweeten] be denied her personal property from the Blue Rooster," he responded, "Because it's been left in there for over four months and she never asked for it." When questioned, "Do you know of anyone other than [Sweeten] who has a claim to the personal property contained in the Blue Rooster," he responded, "No."

¶7 Lawson did testify that "[t]he previous mayor had purchased American Express gift cards" - - apparently with taxpayer or municipal funds - - "and those same American Express gift cards were used to purchase items inside the museum." When questioned by his counsel whether it appeared to him when he "took over [as mayor] and reviewed the finances for [the Town]" that there "were some financial discrepancies involving" certain entities involved with the museum, Lawson responded in the affirmative and named several entities, such as a senior citizens center and a historical society, and he also named one individual - - Sweeten's husband, Elvin Sweeten. Lawson then revised his earlier testimony, stating that he would not "be inclined" to turn over Sweeten's property "[f]or two reasons: The first reason is it's been there for over four months in one of our buildings that we own; and the other reason would be that there's a current investigation into how some of those items were purchased, with what funds."

¶8 Indeed, Sweeten testified she would sometimes purchase items for the gift shop, "[f]or convenience," with an American Express "card" - - possibly referring to the same American Express gift cards about which Lawson testified. When questioned where the money to purchase these cards c[a]me from, Sweeten responded, "Me," but when questioned whether "[a]ny of them ever came from your husband," she responded, "Sometimes."

¶9 Marc Sanders, who testified he is "employed as the criminal investigator for the 20th Judicial District Attorney," responded in the affirmative when questioned whether there is "a current investigation involving some of the entities in the Town of Gene Autry such as the historical society and the senior citizens center and development authority for Gene Autry?" He further testified he believed this investigation would be compromised if property was removed from the museum. However, with regard to the gift shop, he testified "the only thing I have right now in regard to the Blue Rooster is I have seen one receipt turned in to the CENA grant for the senior citizens center that had a Blue Rooster notation on the top." He testified that no search warrant or other order allowing seizure of property has been issued, apparently because the Town is cooperating with the investigation, and when directly questioned whether "part of the investigation pertain[s] to the fact that some of the money that may have been embezzled - - allegedly embezzled were used to purchase items that are located in the Blue Rooster store," Sanders responded, "Not in the store that I'm aware of at this point[.]"

¶10 At the end of the hearing, the trial court granted Lawson's motion to dismiss on the basis that both Sweeten and Lawson testified that, at all times relevant to this case, Lawson did not act in his individual capacity, and acted only in his official capacity as mayor of the Town.

¶11 Less than three weeks after the hearing, the Town filed a motion for summary judgment, and, in the trial court's Order filed in December 2015, it granted summary judgment to the Town.[5] Citing Gibson v. Copeland, 2000 OK CIV APP 112, 13 P.3d 989, but not Womack, 1986 OK 14, the trial court determined that the replevin action sounds in tort and, therefore, falls within the scope of the GTCA. The trial court found that because the Town constitutes a political subdivision under the GTCA, Sweeten was required to present the Town with notice of her claim as required under the GTCA. Because Sweeten failed to do so, the trial court found her replevin action against the Town is barred.

¶12 The trial court further found that, "[e]ven though the point is moot because [Sweeten] failed to file a GTCA claim, the Court also notes that the testimony that it received [at the October 2015 hearing] was insufficient for [Sweeten] to meet her burden in a replevin action." The trial court further stated, "However, the Court does not intend this Order to estop [Sweeten] from a civil action wherein proper discovery could be conducted, so that she may be able to establish that she did own some of the items contained in the Blue Rooster."

¶13 As to Lawson, the trial court explained it granted his motion to dismiss because, the court stated, the testimony taken at the October 2015 hearing was "that [Lawson] always acted in his official capacity as Mayor of Gene Autry at all relevant times during this matter," and therefore he is "entitled to the protection of the GTCA. [Sweeten] was required to file a GTCA notice seeking return of the items prior to filing this action," but failed to do so. Therefore, the court concluded Sweeten's replevin action against Lawson is barred.[6]

¶14 Sweeten then timely filed a motion for new trial. In the trial court's Order filed in April 2016, it determined it erred in granting Lawson's motion to dismiss "because facts were offered for the Court's consideration. These facts were undisputed by [Sweeten] and [Lawson] should have been, and hereby is, granted Summary Judgment."[7] The trial court otherwise denied the motion for new trial. The court again explained that Sweeten "was allowed to file a replevin action against the [Town] and [Lawson] because her claim did not arise out of incarceration. However, prior to filing the replevin action, [Sweeten] was required to comply with the GTCA. The facts are undisputed that [Sweeten] did not comply with the GTCA[.]" Consequently, the trial court denied Sweeten's motion for new trial. Sweeten appeals.

 

STANDARD OF REVIEW

¶15 Three fundamental issues are presented on this appeal. The first issue is whether this replevin action falls within the scope of the GTCA. This is an issue of law which we review de novo. "We review rulings on issues of law by a de novo standard pursuant to the plenary power of the appellate courts and without deference to the trial court." Glasco v. State ex rel. Okla. Dep't of Corr., 2008 OK 65, ¶ 8, 188 P.3d 177 (citation omitted).

¶16 The second issue is whether the trial court erred in denying Sweeten's request for prejudgment delivery of her claimed personal property under 12 O.S. 2011 § 1571. To the extent this issue requires statutory construction, an issue of law is presented over which we have plenary, independent and nondeferential authority to determine whether the trial court erred. Fanning v. Brown, 2004 OK 7, ¶ 8, 85 P.3d 841 (citation omitted). However, we must defer to the trial court's factual determinations made at the October 2015 evidentiary hearing because "[t]he credibility of witnesses and the effect and weight [of] conflicting or inconsistent testimony are questions of fact to be determined by the trier of fact" and "are not questions of law for this Court on appeal." Estate of Gerard v. Gerard, 1995 OK 144, ¶ 18, 911 P.2d 266 (citation omitted).

¶17 Finally, the trial court not only denied Sweeten's § 1571 request for prejudgment delivery of her alleged property, the trial court also granted summary judgment to Defendants, thus terminating this entire replevin action. Summary process "is a search for undisputed material facts," and "[s]ummary relief is permissible where neither the material facts[,] nor any inferences that may be drawn from uncontested facts[,] are in dispute, and the law favors the movant's claim or liability-defeating defense." Reeds v. Walker, 2006 OK 43, ¶ 8, 157 P.3d 100 (footnote omitted). Although "[a] trial court's denial of a motion for new trial is reviewed for abuse of discretion," "[w]here, as here, our assessment of the trial court's exercise of discretion in denying [a new trial motion] rests on the propriety of the underlying grant of summary judgment, the abuse-of-discretion question is settled by our de novo review of the summary adjudication's correctness." Id. (footnotes omitted).[8]

 

ANALYSIS 

 

I. Does this replevin action fall within the scope of the GTCA?

¶18 In Gibson v. Copeland, 2000 OK CIV APP 112, 13 P.3d 989, a separate division of this Court addressed the issue, "Does Oklahoma statutory replevin fall within the scope of the GTCA[.]" Id. ¶ 13. The Gibson Court held that, "because statutory replevin sounds partly in tort and partly in contract, . . . that aspect of replevin which sounds in tort falls within the scope of the GTCA." Id. The Gibson Court explained as follows:

At common law, replevin was an action ex delicto to recover personal property. Farha v. F.D.I.C., 963 F.2d 283, 287 (10th Cir. 1992). However, under the Oklahoma statute the replevin action may be for recovery of the property, a judgment for possession or the value if delivery is not possible, or damages for the detention of the property. 12 O.S. 1991 § 1580. Thus, the statutory remedy sounds both in tort and in contract. [Farha, 963 F.2d] at 288. That part of the statutory remedy which provides for recovery of possession by replevin sounds in tort and that part which provides for damages for the value is traceable to the common law writ of trover, also a tort. Id. On the other hand, the remedy for damages for the detention of the property sounds in contract via detinue. Id.

The GTCA applies to the tort claims aspects of [the plaintiff's] statutory replevin remedy and provides immunity. The GTCA does not apply to contract matters and, therefore, does not apply to the contract aspect of [the plaintiff's] statutory replevin remedy.

Gibson, 2000 OK CIV APP 112, ¶¶ 14-15.[9]

¶19 However, no petition for certiorari was filed in Gibson, and the Gibson Court's reasoning and conclusion appear to be at odds with the most recent opinion of the Oklahoma Supreme Court on this matter. In Womack v. City of Oklahoma City, 1986 OK 14, 726 P.2d 1178, the Oklahoma Supreme Court explained:

 

At common law a replevin action tested only the defendant's right to possession of the property at the time the action was commenced. Our statutory replevin action, though founded upon a person's wrongful detention of another's personal property, is not one for settlement of a tort claim. Rather, its gravamen is vindication of the plaintiff's proprietary interest in immediate possession.

Womack, 1986 OK 14, ¶ 12 (footnote omitted) (emphasis in original). In support of the proposition that that Oklahoma's statutory replevin action "is not one for settlement of a tort claim," the Oklahoma Supreme Court in Womack cited to the following cases: Brook v. James A. Cullimore & Co., 1967 OK 251, 436 P.2d 32; Rostykus v. Fidelity Finance Co., 1950 OK 249, 223 P.2d 126; Carte-Caldwell v. Berryhill, 1941 OK 119, 112 P.2d 370; Humphrey v. Baker, 1918 OK 162, 176 P. 896; and Apgar v. Great American Indemnity Co., 18 P.2d 46 (Wash. 1933).

¶20 The Gibson Court did not cite to any of these cases, nor did it cite to Womack. Instead, the Gibson Court cited solely to Farha v. F.D.I.C., 963 F.2d 283 (10th Cir. 1992). Although applying Oklahoma law, the Farha Court, in turn, also did not cite to Womack or to any of the cases cited in Womack. Instead, the Farha Court cited to only one Oklahoma Supreme Court case, a case predating even the oldest case cited in Womack -- Leeper, Graves & Co. v. First National Bank, 1910 OK 231, 110 P. 655. Moreover, the Farha Court did not go as far as the Gibson Court did in its conclusion; the Farha Court merely concluded "that any claim on the money damages portion of the Oklahoma replevin statute, Section 1580, must be based either on contract or tort." Farha, 963 F.2d at 288. Regardless, both the Farha Court and the Gibson Court arrived at conclusions inconsistent with Womack.

¶21 In the cases cited by Womack, one finds the following legal precepts: "It is elementary that the gist of the action of replevin is the plaintiff's right to immediate possession of the property" -- "the plaintiff in replevin must recover solely upon the strength of his own title," Rostykus, 1950 OK 249, ¶ 11 (citations omitted), and, similarly, "[a] replevin action is essentially one to determine title to, or right of possession of, personal property and not one to determine claims sounding in tort," Apgar, 18 P.2d at 47.

¶22 Furthermore, the Womack Court directly confronted the following contentions by the defendant, a political subdivision:

The [municipality] contends that the [plaintiff's] suit for possession of the vehicle was one in tort and, because the claim was asserted against a political subdivision, it should be regarded as controlled by the law's limitations on ex delicto recovery. According to the [municipality], the [Political Subdivision Tort Claims] Act's immunity provisions control . . . . The [municipality] argues that the instant case [is one] in which its method of enforcing a city ordinance is assailed . . . . [T]he [municipality argues it] was acting here as an enforcer of its ordinance and hence was performing a governmental act for which statutory law affords immunity from liability.

Womack, 1986 OK 14, ¶ 7.

¶23 The Womack Court rejected the municipality's contentions, explaining that the replevin action for return of the plaintiff's vehicle constituted merely "a possessory action against a municipality" for "impermissibly withholding possession" of the plaintiff's vehicle. Womack, ¶ 13. The Womack Court explained that "the [municipality] was not here called upon to respond for some conduct in the exercise of its legislative powers" because the "gravamen" of a statutory replevin action, as quoted above, "is vindication of the plaintiff's proprietary interest in immediate possession" - - hence, "though founded upon a . . . wrongful detention of another's personal property, [a statutory replevin action] is not one for settlement of a tort claim." Id. ¶¶ 12-13.[10]

¶24 Thus, there is an obvious conflict between Gibson and Womack; although Gibson postdates Womack, we must follow Womack.[11] Pursuant to Womack, Sweeten's statutory replevin action does not constitute a tort claim and, therefore, does not fall within the scope of the GTCA. The GTCA asserts and adopts governmental or sovereign immunity "from liability for torts" for "[t]he state, its political subdivisions, and all of their employees acting within the scope of their employment," except to "the extent and in the manner provided in this act[.]" 51 O.S. 2011 § 152.1 (emphasis added). A "tort" is defined under the GTCA as

 

a legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment.

51 O.S. Supp. 2014 § 152(14) (emphasis added). As explained in Womack, the "gist" or "gravamen" of a replevin action is not any wrong or violation committed by a defendant; rather, such an action is founded and focused upon the plaintiff's interest in immediate possession.[12] Consequently, Sweeten's replevin action does not fall within the scope of the GTCA, and the trial court erred in awarding summary judgment to Defendants on this basis.

II. Did the trial court err in denying Sweeten's request for prejudgment delivery of
her personal property at the commencement of the suit?

¶25 Having determined Sweeten's replevin action does not fall within the scope of the GTCA, we must now determine whether the trial court erred in denying Sweeten's request for prejudgment delivery of her personal property at the commencement of this replevin suit.[13] Section 1571(A)(1) of the replevin statute provides that a petition seeking "delivery of the property at the commencement of suit"

must allege facts which show:

a. a description of the property claimed,
b. that the plaintiff is the owner of the property or has a special ownership or interest therein, stating the facts in relation thereto, and that he is entitled to the immediate possession of the property,
c. that the property is wrongfully detained by the defendant,
d. the actual value of the property, provided that when several articles are claimed, the value of each shall be stated as nearly as practicable,
e. that the property was not taken in execution on any order or judgment against said plaintiff, or for the payment of any tax, fine or amercement assessed against him, or by virtue of an order of delivery issued under this chapter, or any other mesne or final process issued against said plaintiff; or, if taken in execution or on any order or judgment against the plaintiff, that it is exempt by law from being so taken, and
f. the prayer for relief requests that the court issue an order for the immediate delivery of the property.

As quoted above, § 1571(A)(3) provides that, "[s]hould a written objection be filed within [a] five-day period" - - as occurred in the present case - - "the court shall, at the request of either party, set the matter for prompt hearing. At such hearing the court shall proceed to determine whether the order for prejudgment delivery of the property should issue according to the probable merit of plaintiff's petition."

¶26 At the hearing, Sweeten agreed on cross-examination "that most of these items . . . listed in [her] petition were off the top of [her] head," and she further agreed "it's not the most accurate list[.]" However, Sweeten testified the list was less than fully accurate only "[b]ecause I couldn't go in there [i.e., into the gift shop] and do it [i.e., check the inventory or verify her list, etc.]." More importantly, Sweeten's petition can be viewed as simply claiming all the items in the gift shop, thus rendering a precise description of every item in the gift shop unnecessary for purposes of her prejudgment delivery petition. We conclude she satisfied subsection (a).

¶27 Subsection (b) states, as quoted above, that a petition seeking delivery of the property at the commencement of suit "must allege facts which show: . . . b. that the plaintiff is the owner of the property or has a special ownership or interest therein, stating the facts in relation thereto, and that he is entitled to the immediate possession of the property[.]" See also Robinson & Co. v. Stiner, 1910 OK 152, ¶ 0, 109 P. 238 (Syllabus by the Court) ("The gist of the action in replevin is the right to possession of the chattels in controversy."); Hopkins v. West, 2009 OK CIV APP 104, ¶ 18, 229 P.3d 560 ("The primary object of statutory replevin is the recovery of specific personal property . . . .") (quoting Brook v. James A. Cullimore & Co., 1967 OK 251, 436 P.2d 32). Among the testimony presented at the prejudgment delivery hearing was testimony which at least supports the inference that some items in the gift shop were purchased with municipal funds. Moreover, the trial court found against Sweeten, and "[t]he trial court [is] confronted with the parties themselves and the witnesses. It is better able to determine a controverted issue of fact than is this Court, which of necessity, is only permitted to consider the dry, printed words in the record." Manhart v. Manhart, 1986 OK 12, ¶ 15, 725 P.2d 1234 (citation omitted).

¶28 However, regardless of whether an inference could be properly drawn at the time of the hearing that some chattels in the gift shop were purchased with municipal funds, in order to be entitled to immediate, prejudgment delivery Sweeten only had to show under subsection (b) the "probable merit" of her claim that she "is the owner of the property or has a special ownership or interest" in the property and, on this basis, "is entitled to the immediate possession of the property." It was undisputed at the hearing that, regardless of the source of funds used to purchase the property, Sweeten purchased the items in her name and placed them in her gift shop. Sweeten did not, for example, take property items owned by the Town from the museum and place them in her gift shop. At most, the inference could be drawn at this preliminary stage that she purchased some items in the gift shop with public funds and without the permission of the Town. However, for purposes of prejudgment delivery, Sweeten has clearly shown at least "a special ownership or interest" in all the property contained in the gift shop.[14] The Town, on the other hand, succeeded only in showing it may be able to demonstrate, in subsequent proceedings, ownership of some as yet unspecified, indeterminate number of items in the gift shop. However, no evidence was presented that the Town has the right to detain any particular items, much less all of the property, in the gift shop.

¶29 The Oklahoma Supreme Court has explained:

A plaintiff in replevin should allege in his petition facts which show that he is the owner of the property in controversy, describing it, or that he has a special ownership or interest therein, stating the facts in relation thereto; that he is entitled to the immediate possession of the property, and that the defendant wrongfully detains the same from him.

Hivick v. Okla.-Colo. Oil & Gas Co., 1923 OK 49, ¶ 0, 212 P. 420 (Syllabus by the Court) (emphasis added). Sweeten has clearly met these requirements for purposes of prejudgment delivery, and, furthermore, the Town's purported interest is protected by the fact that an order of prejudgment delivery

shall not be issued until there has been executed by one or more sufficient sureties of the plaintiff, to be approved by the clerk, an undertaking in not less than double the value of the property as stated in the petition to the effect that the plaintiff shall duly prosecute the action, and pay all costs and damages which may be awarded against him, including attorney's fees and, if the property be delivered to him, that he will return the same to the defendant if a return be adjudged[.]

12 O.S. 2011 § 1573. See also Parker v. Henry, 1977 OK 13, ¶ 3, 559 P.2d 1249 ("No order of delivery may be issued until the undertaking has been executed.").

¶30 The only remaining requirement which the Town asserts Sweeten has not met is subsection (d), which requires the plaintiff to assert facts which show "the actual value of the property, provided that when several articles are claimed, the value of each shall be stated as nearly as practicable[.]" We conclude Sweeten has asserted facts showing the value "as nearly as practicable," and, regardless,

On application of either party which is made at the time of executing the replevin bond or the redelivery bond, or at a later date, with notice to the adverse party, the court may hold a hearing to determine the value of the property which the plaintiff seeks to replevy. If the value as determined by the court is different from that stated in the petition, the value as determined by the court shall control for the purpose of Sections 1573 and 1577 of this title.

12 O.S. § 1573.1.

¶31 We conclude the trial court erred in denying prejudgment delivery of the property in the gift shop. Sweeten should be allowed the opportunity to post a bond as set forth above.

III. Do issues of material fact remain in dispute which require that this replevin
action be remanded for further proceedings?

¶32 As quoted above, the trial court stated in its order granting summary judgment that it "notes that the testimony that it received [at the October 2015 hearing] was insufficient for [Sweeten] to meet her burden in a replevin action." Nevertheless, the trial court also stated in its order that it "does not intend this Order to estop [Sweeten] from a civil action wherein proper discovery could be conducted, so that she may be able to establish that she did own some of the items contained in the Blue Rooster."

¶33 These statements appear to reflect a degree of confusion regarding the proper procedure in a replevin action. The October 2015 hearing was held pursuant to § 1571 only to determine "whether the order for prejudgment delivery of the property should issue according to the probable merit of plaintiff's petition." 12 O.S. § 1571(A)(3) (emphasis added). This hearing constituted an evidentiary hearing of a preliminary nature -- preliminary, that is, to a final adjudication of the claims of the parties. Thus, for example, even "[i]f the plaintiff fails to establish the probable validity of the replevin claim" at this prejudgment delivery hearing, "dismissal of the complaint after the hearing is premature because the purpose of the hearing is only to determine who should have possession of the claimed property pending the final hearing." 66 Am. Jur. 2d Replevin § 37 (footnote omitted). See also Brook, 1967 OK 251, ¶ 4 (Although, "[a]t common law, the right to possession of the property at the time action was commenced formed the sole issue in replevin," "[o]ur statute . . . has provided a cumulative or supplemental remedy . . . .").[15]

¶34 The trial court's statement, quoted above, that it "does not intend this Order to estop [Sweeten] from a civil action wherein proper discovery could be conducted, so that she may be able to establish that she did own some of the items contained in the Blue Rooster" indicates, if anything, that a dispute of material fact does exist as to whether Sweeten owns at least some of the personal property items in the gift shop and that this case must be remanded. Indeed, in the prior section we concluded the trial court erred in denying prejudgment delivery to Sweeten. "An action for replevin is a civil action," 66 Am. Jur. 2d Replevin § 1 (footnote omitted), and "[i]n a suit in replevin, it is the policy of the law to settle in one action all the conflicting claims of the parties for the possession of the property in controversy," Brown v. Chowning, 59 Okla. 278, 159 P. 323, 324 (Syllabus by the Court). "Whatever the result of a" prejudgment delivery hearing, "a replevin case proceeds as any other civil action would, and the trial court must still make a final adjudication of the claims of the parties in accordance with the rules of civil procedure." 66 Am. Jur. 2d Replevin § 37 (footnote omitted).

 

¶35 This is not to say that the trial court was precluded from entertaining the motion for summary judgment filed after the hearing. However, summary judgment is only appropriate where "there is no substantial controversy as to the material facts" and one party is "entitled to judgment as a matter of law[.]" Okla. Dist. Ct. R. 13(e), 12 O.S. Supp. 2013, ch. 2, app. Consistent with the trial court's own statements, quoted above, and as the testimony elicited at the evidentiary hearing reveals, a substantial controversy remains in this case as to Sweeten's ownership of at least some of the personal property items in the gift shop.

¶36 Moreover, as to Lawson, Sweeten's failure to set forth his official capacity is not a "fatal variance." In Mann v. Ridenhour, 1915 OK 344, 149 P. 124, the Oklahoma Supreme Court explained that "[w]here property belonging to one party is seized by the sheriff under a writ running against another party, the claimant of the property may maintain a replevin action against the officer in his individual name or against him in his official capacity," and the Court further explained "there is no fatal variance if, when he is proceeded against in his individual name, the evidence proves that he acted in his official capacity, under process from a court, in making the seizure." Mann, ¶ 0 (Syllabus by the Court).[16] Thus, Sweeten must at least be permitted to amend her pleading with regard to Lawson. See, e.g., id. ¶ 10 ("The court should have overruled defendants' demurrer and have permitted plaintiff to amend his pleadings . . . .).

¶37 For these reasons, we conclude summary judgment was improperly granted to Defendants, and we remand this case for further proceedings.

CONCLUSION

¶38 We conclude Sweeten's replevin action does not fall within the scope of the GTCA. Furthermore, we conclude the trial court erred in denying Sweeten's request for prejudgment delivery. Finally, a substantial controversy exists as to Sweeten's ownership of at least some of the personal property items in the gift shop and, therefore, summary judgment was improperly granted. We remand this case to the trial court for further proceedings.

¶39 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

THORNBRUGH, V.C.J., and WISEMAN, J., concur.

FOOTNOTES

[1] Title 51 O.S. 2011 §§ 151-172.

[2] (Emphasis in original.)

[3] As we discuss in more detail in the analysis section of this opinion, 12 O.S. 2011 § 1571(A) provides that a plaintiff "may claim the delivery of the property at the commencement of suit," and, if such a request is made and if the defendant timely files an objection to such a request, "the court shall, at the request of either party, set the matter for prompt hearing. At such hearing the court shall proceed to determine whether the order for prejudgment delivery of the property should issue according to the probable merit of plaintiff's petition."

[4] Lawson did testify that he was initially open to any ownership claims and that there have "been several individuals" - - but not Sweeten - - who came "forward with claim of ownership for multiple items throughout the museum. And a lot of them, they've come forward, and none of them have shown any title of ownership at this time." He also testified Sweeten was present at one town council meeting at which he explained that if anyone "wanted those items" they needed "title of ownership" or some "indicia of ownership." He testified at least one person requested return of property at that meeting, but he testified Sweeten did not assert any ownership interest then or at any time until the filing of this action.

[5] The trial court also restated it was granting the motion to dismiss of Lawson, and it explicitly denied Sweeten's petition for writ of replevin.

[6] Hence, the basis of the dismissal of Lawson in this order is somewhat different from that stated at the hearing. Ultimately, however, as we set forth below, the trial court determined it erred in granting the dismissal motion of Lawson; it ultimately granted Lawson summary judgment instead.

[7] It appears the trial court recast Lawson's motion to dismiss pursuant to 12 O.S. 2011 § 2012(B) as a motion for summary judgment. Section 2012(B) provides, in part, that "[i]f, on a motion . . . for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."

[8] On this appeal we do not address Sweeten's constitutional argument set forth in her response to the Town's motion for summary judgment and restated in her motion for new trial. Sweeten asserts in her response to the motion for summary judgment that her property "was seized in violation of the 4th and 14th Amendments to the United States Constitution and Article 2, Section 30 of the Oklahoma State Constitution." It would be premature to address this issue. Based on the record presented on appeal, Sweeten has yet to amend her petition to add any constitutional claims, and the trial court has not yet addressed such claims in the first instance. "An appellate court will not make first-instance determinations of disputed law or fact issues. That is the trial court's function in every case - - whether in law, equity or on appeal from an administrative body." Bivins v. State ex rel. Okla. Memorial Hosp., 1996 OK 5, ¶ 19, 917 P.2d 456 (footnote omitted). Furthermore, "[t]he prudential rule of necessity, adhered to by all state and federal courts, holds that constitutional issues must not be resolved in advance of strict necessity." In re Initiative Petition No. 363, State Question No. 672, 1996 OK 122, ¶ 13 n.28, 927 P.2d 558 (citations omitted). See also Anderson v. Dyco Petroleum Corp., 1989 OK 132, ¶ 5 n.5, 782 P.2d 1367 ("Courts will not . . . decide constitutional issues when unnecessary to a determination of the merits of a controversy.") (citations omitted). Resolution of the three issues set forth above is dispositive of this appeal, and we must decline to address Sweeten's constitutional argument at this time.

[9] We note that this analysis appears to be at least partially consistent with the Oklahoma Supreme Court's holding long ago in Seidenbach's v. A.E. Little Co., 1927 OK 352, 261 P. 175, where the Supreme Court stated:

Where the owner of personal property lends the same without consideration paid or to be paid to a borrower, who, for the first time, denies the plaintiff's right of property or possession when suit is brought to recover the same, the right of the owner to sue in replevin for his goods arises and is maintainable out of the wrongful denial of plaintiff's right of property and possession, which constitutes a tort[.]

1927 OK 352, ¶ 0 (Syllabus by the Court) (emphasis added).

[10] In City & Cty. of Denver v. Desert Truck Sales, Inc., 837 P.2d 759, 764 (Colo. 1992), the Supreme Court of Colorado, En Banc, explained that because "[t]he object of a replevin action is to determine the right to possession, and the evidence presented in a replevin case relates to proof of title and ownership," and

[b]ecause the objective of a replevin action is to obtain possession of personal property, some jurisdictions have refused to identify replevin as a tort. See, e.g., Womack v. City of Oklahoma City, 726 P.2d 1178, 1181 (Okla. 1986) (statutory replevin action is not to resolve a tort claim but for vindication of proprietary interest in immediate possession)[.]

Due to the particular language in Colorado's Governmental Immunity Act, and because, inter alia, the plaintiff in that case sought damages and not only repossession of property allegedly wrongfully detained, the court found the plaintiff's replevin action "is or could be a tort," and, thus, was barred under the Colorado statute. Of course, regardless of the outcome in Desert Truck Sales, Inc., this case is controlled by Womack and the Oklahoma statutes.

[11] See, e.g., Bays Expl., Inc. v. Jones, 2010 OK CIV APP 28, ¶ 14, 230 P.3d 907 ("It is axiomatic the Court of Civil Appeals cannot overrule an opinion of the Oklahoma Supreme Court and we are thus bound by its previous decisions.") (citations omitted); Okla. Sup. Ct. R. 1.200(d), 12 O.S. Supp. 2014, ch. 15, app. 1 (Those opinions released for publication by the Court of Civil Appeals, such as Gibson, "shall be considered to have persuasive effect," but only those decisions of the Court of Civil Appeals approved for publication by the Supreme Court "shall be accorded precedential value.").

[12] In addition to Womack and the cases cited therein, see Wilson Motor Co. v. Dunn, 1928 OK 123, ¶ 0, 264 P. 194 (Syllabus by the Court) ("An action in replevin is primarily a suit for possession of personal property" and "[t]he gist of the action of replevin is plaintiff's right to immediate possession of the personal property in controversy, at the commencement of the action, by reason of ownership or special interest therein[.]"); Walters v. Ratliff, 1900 OK 86, ¶ 0, 61 P. 1070 (Syllabus by the Court) ("An action of replevin to recover chattels levied upon by a sheriff as the property of another, is not an action against an officer for misconduct in office."). We do not mean to imply that the issue discussed in this section of our Opinion is one about which other jurisdictions are in uniform agreement with Womack. See, e.g., 66 Am. Jur. 2d Replevin § 1 (Stating, among other things, that "[a]lthough actions in replevin are restitutionary in character, they are classified as tort actions," but also stating that "replevin sounds both in tort and in contract," and also stating, "The gist of an action of replevin is to reestablish the right of possession of property in the plaintiff" and "the essence of a replevin claim is a test of a plaintiff's right to possession of the property[.]"). See also n.10, supra.

Our conclusion that Sweeten's statutory replevin action does not fall within the scope of the GTCA is also supported by the language of the replevin statute, which specifically limits replevin actions against political subdivisions only in the following manner: "No action to recover the possession of specific personal property pursuant to this section may be brought against any city, county or state agency or an employee of a city, county, or state agency, if the claim alleges matters arising from incarceration, probation, parole or community supervision." 12 O.S. 2011 § 1571(D). It is undisputed Sweeten's action does not allege matters arising from incarceration, probation, parole or community supervision and, therefore, her action under § 1571 to recover the possession of specific personal property is not barred under § 1571(D).

Finally, we are not persuaded that the fact that this portion of the statute - - § 1571(D) - - was added after (i.e., about two years after) the Gibson opinion was decided means the Legislature was endorsing or codifying the rule expressed in Gibson. (This may be what the trial court had in mind when it stated in its Order filed in April 2016 that "[t]he 'legislative familiarity' with the 'extant judicial construction' was obvious; the legislature did not want inmates or parolees to be able to file replevin actions against any governmental subdivision, at all.") At the time of the legislative change, the extant judicial construction was still to be found in Womack, not Gibson. Relatedly, the Legislature's addition of § 1571(D) is more cogently seen as a limitation on Womack, a case which essentially found statutory replevin actions do not resolve a tort claim whatsoever.

[13] The trial court actually found "that the testimony that it received [at the October 2015 hearing] was insufficient for [Sweeten] to meet her burden in a replevin action," but, at least implicitly, the trial court concomitantly denied Sweeten's § 1571 request for prejudgment delivery of the claimed property.

[14] The Supreme Court quoted the following definitions in Matter of Protest of Hare, 2017 OK 60, ¶ 14, 398 P.3d 317:

Ownership is defined as "[t]he bundle of rights allowing one to use, manage, and enjoy property, including the right to convey it to others." Black's Law Dictionary (10th ed. 2014). Interest is defined as "[a] legal share in something; all or part of a legal or equitable claim to or right in property (right, title, and interest)." Black's Law Dictionary (10th ed. 2014).

[15] As this Court stated in Hopkins, "[a] cogent and succinct discussion of the nature of replevin is found in Brook[.]" 2009 OK CIV APP 104, ¶ 18.

[16] The Mann Court further explained as follows in the body of the opinion:

When a person wrongfully detains property, it is immaterial in what capacity he assumes to hold it. The person from whom property is wrongfully taken is not required in law to know, and cannot always ascertain, by what authority the person wrongfully taking it assumes to have acted. The important point is the wrongful taking or detention, and by whom detained, and not the capacity in which the person detaining the property is acting. It is clearly proper to bring an action in replevin against a defendant in his individual capacity, even when he intends to act in another capacity. If the defendant is acting as agent, sheriff, or otherwise, it is a matter in defense to be pleaded and proved as any other fact. The plaintiff cannot always tell certainly by what right one interfering with his possession claims to act, and the only safe way is to make the person interfering with his right of possession defendant, and let him plead his agency, or official character, as a defense, if he is not acting for himself.

Id. ¶ 8 (citation omitted).

 

 

 

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2000 OK CIV APP 112, 13 P.3d 989, 71 OBJ 2951, GIBSON v. COPELAND
Discussed at Length
 2009 OK CIV APP 104, 229 P.3d 560, HOPKINS v. WEST
Discussed at Length
 2010 OK CIV APP 28, 230 P.3d 907, BAYS EXPLORATION, INC. v. JONES
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 132, 782 P.2d 1367, 60 OBJ 2540, Anderson v. Dyco Petroleum Corp.
Discussed
 1915 OK 344, 149 P. 124, 46 Okla. 565, MANN v. RIDENHOUR
Discussed
 1918 OK 162, 176 P. 896, 71 Okla. 272, HUMPHREY v. BAKER
Discussed
 1967 OK 251, 436 P.2d 32, BROOK v. JAMES A. CULLIMORE & CO.
Discussed at Length
 1910 OK 152, 109 P. 238, 26 Okla. 272, ROBINSON & CO. v. STINER
Discussed
 1910 OK 231, 110 P. 655, 26 Okla. 707, LEEPER GRAVES & CO. v. FIRST NAT. BANK OF HOBART
Discussed
 1923 OK 49, 212 P. 420, 89 Okla. 181, HIVICK v. OKLAHOMA-COLORADO OIL & GAS CO.
Discussed
 1995 OK 144, 911 P.2d 266, 66 OBJ 4001, Estate of Gerard v. Gerard
Discussed
 2004 OK 7, 85 P.3d 841, FANNING v. BROWN
Discussed
 1996 OK 5, 917 P.2d 456, 67 OBJ 206, Bivins v. State ex rel. Okl. Mem. Hosp.
Discussed
 2006 OK 43, 157 P.3d 100, REEDS v. WALKER
Discussed
 2008 OK 65, 188 P.3d 177, GLASCO v. STATE ex rel. OKLAHOMA DEPARTMENT OF CORRECTIONS
Discussed
 1996 OK 122, 927 P.2d 558, 67 OBJ 3423, In re Initiative Petition No. 363, State Question No. 672
Discussed
 1977 OK 13, 559 P.2d 1249, PARKER v. HENRY
Discussed
 2017 OK 60, 398 P.3d 317, IN THE MATTER OF THE INCOME TAX PROTEST OF HARE
Discussed
 1928 OK 123, 264 P. 194, 129 Okla. 211, WILSON MOTOR CO. v. DUNN
Discussed
 1927 OK 352, 261 P. 175, 128 Okla. 65, SEIDENBACH'S v. A. E. LITTLE CO.
Discussed at Length
 1950 OK 249, 223 P.2d 126, 203 Okla. 442, ROSTYKUS v. FIDELITY FIN. CO.
Discussed at Length
 1900 OK 86, 61 P. 1070, 10 Okla. 262, WALTERS v. RATLIFF
Discussed
 1941 OK 119, 112 P.2d 370, 188 Okla. 617, CARTE-CALDWELL v. BERRYHILL
Discussed
 1986 OK 12, 725 P.2d 1234, 57 OBJ 877, Manhart v. Manhart
Discussed
 1986 OK 14, 726 P.2d 1178, 57 OBJ 991, Womack v. City of Oklahoma City
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1571, Order of Delivery - Procedure
Discussed at Length
 12 O.S. 1573, Undertaking in Replevin
Cited
 12 O.S. 1573.1, Replevin Bond - Value
Cited
 12 O.S. 1580, Judgment - Damages - Attorney Fees
Cited
 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Cited
Title 51. Officers
 Cite
Name
Level

 51 O.S. 152, Definitions
Cited
 51 O.S. 152.1, Adoption of Doctrine of Sovereign Immunity
Cited