HELM v. BD. OF COUNTY COMMISSIONERS OF ROGERS COUNTY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:HELM v. BD. OF COUNTY COMMISSIONERS OF ROGERS COUNTY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HELM v. BD. OF COUNTY COMMISSIONERS OF ROGERS COUNTY
2019 OK CIV APP 67
Case Number: 117344; Comp. w/117455
Decided: 10/21/2019
Mandate Issued: 11/14/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 67, __ P.3d __

 

DEE ANN HELM, formerly known as Dee Ann Cramer, Plaintiff/Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF ROGERS COUNTY, OKLAHOMA, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
ROGERS COUNTY, OKLAHOMA

HONORABLE SHEILA A. CONDREN, JUDGE

REVERSED

Stanley D. Monroe, Ann E. Keele, MONROE & KEELE, PC, Tulsa, Oklahoma, for Plaintiff/Appellant,

Thomas A. LeBlanc, Matthew B. Free, Jessica L. Johnson, BEST & SHARP, Tulsa, Oklahoma, for Defendant/Appellee.

GOREE, CHIEF JUDGE:

¶1 Dee Ann Helm (Plaintiff/Appellant) was employed by Rogers County as an administrative assistant. Rogers County terminated her employment and she filed a petition to recover unpaid wages and a penalty pursuant to 40 O.S. Supp. 2005 §165.3 of the Protection of Labor Act. The Board of County Commissioners of Rogers County (Defendant/Appellee) filed a motion to dismiss.

¶2 The County argued Helm's claim is barred by the Oklahoma Governmental Tort Claims Act because she did not comply with its notice provisions. The trial court agreed and granted the County's motion to dismiss for failure to state a claim. 12 O.S. §2012(B)(6). Helm appealed. She argues the dismissal was erroneous because her action is contractual and the GTCA does not apply. We review the order de novo because a motion to dismiss tests the law governing a claim. Dani v. Miller, 2016 OK 35, ¶10, 374 P.3d 779, 785-86. The legal question is whether Plaintiff's claim is a tort within the meaning of 51 O.S. Supp. 2014 §152(14).

¶3 "Tort" is defined by the GTCA as:

A legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment.

(§152(14), emphasis added.) Accordingly, we must examine the petition and analyze whether Helm is requesting relief, independent of contract, involving violation of a duty imposed by statute and within the meaning of the Governmental Tort Claims Act.

¶4 Helm's petition states, (1) she was an employee of the County, (2) her employment was terminated, (3) she had accrued unpaid personal and vacation leave for which she was not paid, and (4) pursuant to 40 O.S. §165.3, she is entitled to past-due wages and a statutory penalty of 2% per day. The action seeks damages based on statute. If §165.3 is a statutory tort within the meaning of §152(14) then the action could be governed by the GTCA.

¶5 The County correctly points out that the Legislature broadened the scope of the GTCA by adding torts that derive from statutes. A statutory tort is a legislatively-crafted, non-contractual duty, unknown to the common law, for the breach of which an action ex delicto, will lie. Morgan v. Galilean Health Enterprises, Inc., 1998 OK 130, ¶8, 977 P.2d 357, 361. A liability created by statute, however, is not necessarily a tort. Sweeten v. Lawson, 2017 OK CIV APP 51, ¶24, 404 P.3d 885, 892-93 (a claim for statutory replevin is not a tort pursuant to the GTCA); Barton v. City of Midwest City, 2011 OK CIV APP 71, ¶¶23-24, 257 P.3d 422, 426 (a statutory proceeding for inverse condemnation is not a tort as defined by 51 O.S. §152(14).

¶6 Section 165.3(A) of the Protection of Labor Act requires an employer to pay the employee's wages after the employment terminates at the next regular pay period. An exception exists for a bona fide disagreement. If an employer fails to pay the wages, then the employer is liable for liquidated damages of two percent per day up to the amount of the unpaid wages. §165.3(B).[1] County's position is that the statute imposes an implied duty to pay undisputed wages at a designated time, and liability for breach of that duty. But these statutory rights directly relate to the employer-employee relationship and are not "independent of contract."

¶7 The employer-employee relationship is created by contract, either express or implied. Cherokee Lines, Inc. v. Bailey, 1993 OK 111, ¶13, 859 P.2d 1106, 1110. A claim for unpaid wages is a debt arising out of contract. Hamrick v. State ex rel. Office of the Chief Medical Examiner, 2011 OK 60, ¶12, 258 P.3d 509, 513 (discussing claims of unclassified state employees to recover unpaid wages under 40 O.S. §165.1 et seq.)

¶8 The remedy provided by §165.3 has as its basis the terms of the contract, namely the agreed upon wages. "Wages" is defined by the Act with reference to remuneration and other similar advantages "agreed upon between the employer and the employee." §165.1(4). An employer's liability for unpaid wages pursuant to §165.3 is calculated according to the contractual agreement of employment and is not a damage for a breach of duty that is "independent of contract." Liability under this statute is not independent of contract -- it is actually dependent on a contract of employment because an employer-employee relationship is an essential element to recovery under the Act. See Coen v. Semgroup Energy Partners, G.P., LLC, 2013 OK CIV APP 75, ¶17, 310 P.3d 657, 662.

¶9 We hold that a claim for liability pursuant to Title 40 O.S. Supp. 2005 §165.3 is not a tort as defined by Title 51 O.S. Supp. 2014 §152(14) of the Oklahoma Governmental Tort Claims Act. The trial court's order granting the County's motion to dismiss is REVERSED.

JOPLIN, P.J., and BUETTNER, J., concur.

FOOTNOTES

[1] The entirety of 40 O.S. §165.3 provides:

A. Whenever an employee's employment terminates, the employer shall pay the employee's wages in full, less offsets and less any amount over which a bona fide disagreement exists, as defined by Section 165.1 of this title, at the next regular designated payday established for the pay period in which the work was performed either through the regular pay channels or by certified mail postmarked within the deadlines herein specified if requested by the employee, unless provided otherwise by a collective bargaining agreement that covers the employee.

B. If an employer fails to pay an employee wages as required under subsection A of this section, such employer shall be additionally liable to the employee for liquidated damages in the amount of two percent (2%) of the unpaid wages for each day upon which such failure shall continue after the day the wages were earned and due if the employer willfully withheld wages over which there was no bona fide disagreement; or in an amount equal to the unpaid wages, whichever is smaller; provided, however, that for the purpose of such liquidated damages such failure shall not be deemed to continue after the date of the filing of a petition in bankruptcy with respect to the employer if he thereafter shall have been adjudicated bankrupt upon such petition.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2011 OK CIV APP 71, 257 P.3d 422, BARTON v. CITY OF MIDWEST CITY
Discussed
 2013 OK CIV APP 75, 310 P.3d 657, COEN v. SEMGROUP ENERGY PARTNERS G.P., LLC
Discussed
 2017 OK CIV APP 51, 404 P.3d 885, SWEETEN v. LAWSON
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 111, 859 P.2d 1106, 64 OBJ 2861, Cherokee Lines, Inc. v. Bailey
Discussed
 2011 OK 60, 258 P.3d 509, HAMRICK v. STATE ex rel. OFFICE OF THE CHIEF MEDICAL EXAMINER
Discussed
 2016 OK 35, 374 P.3d 779, DANI v. MILLER
Discussed
 1998 OK 130, 977 P.2d 357, 70 OBJ 59, Morgan v. Galilean Health Enterprises, Inc.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Cited
Title 40. Labor
 Cite
Name
Level

 40 O.S. 165.1, Definitions
Cited
 40 O.S. 165.3, Termination of Employee - Payment - Failure to Pay
Discussed at Length
Title 51. Officers
 Cite
Name
Level

 51 O.S. 152, Definitions
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA